UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM BAHNSEN,

                                        Plaintiff,

            - against -

THE TOWN OF BROOKHAVEN,

                                        Defendant.

**COMPLAINT**

Docket No.:

Jury Trial Demanded

Plaintiff, WILLIAM BAHNSEN, by and through his attorneys, RICOTTA & MARKS, P.C., alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1.      Plaintiff was a non-exempt employees for Defendant the Town of Brookhaven ("Brookhaven"). Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b) to recover overtime wages, violations for wage notices and wage deductions owed to Plaintiff by Brookhaven. Plaintiff additionally brings claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, to redress discrimination due to his age during the course of his employment with Brookhaven. Furthermore, this action is brought pursuant to 42 U.S.C. § 1983, to redress a violation of Plaintiff's constitutional rights in the terms, conditions and privileges of employment of Plaintiff by the Defendant, as well as deprivation by the Defendant, acting under color of law, of the policies, ordinances, custom and usage of rights, privileges and immunities secured to the Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all the laws and statutes thereunder. Plaintiff also pursues any other cause of action which may be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

3.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.     Venue is proper pursuant to 28 U.S.C. § 1391.

5.     All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") on March 16, 2017. A notice of right to sue was issued on request and received on May 12, 2017. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice.

## THE PARTIES

6.     Plaintiff, William Bahnsen ("Bahnsen") is an individual who is currently a resident of the State of New York and who was employed by Defendant as a building inspector from in or about April 2001 until October 2016.

7.     Defendant Brookhaven, is a town located in Suffolk County, New York. Brookhaven's primary office is located at 1 Independence Hill, Farmingville, New York 11738.

## STATEMENT OF FACTS

### *Plaintiff's Age Discrimination Claim*

8.     Bahnsen is a sixty-two  (62) year old man with a date of birth of November 11, 1954.

9.     In or around April 2001, Bahnsen began employment with Brookhaven as a Building Inspector.

2

10.     As a Building Inspector, Bahnsen inspected residential and commercial properties and plans for code compliance, and issued summons and violations where appropriate.

11.     In or around 2007, due to his exemplary job performance, Bahnsen was promoted to Senior Building Inspector as a provisional appointment. Due to civil service exam results, however, in 2008 Bahnsen's provisional appointment ended and he returned to his position as Building Inspector.

12.     This title change was not performance based, and Bahnsen continued to perform his job in an exemplary manner, both before and after his shift back to Building Inspector.

13.     Despite the reduction in title, Bahnsen continued to effectively perform the work of a Senior Building Inspector.

14.     In June 2016, Bahnsen was appointed to the position of Senior Building Inspector, having satisfactorily completing the civil service exam.

15.     In August 2016, Bahnsen received a letter from Brookhaven stating that he would be removed from his position as Senior Building Inspector, and demoted to Building Inspector due alleged charges regarding his performance that were being investigated. To this day, no specifics were given to Bahnsen regarding these alleged charges and no actual charges were brought against him.

16.     Upon information and belief, however, Brookhaven was alleging that Bahnsen was stealing time from Brookhaven and engaging in theft of services. This was completely false and Bahnsen provided Brookhaven evidence that these allegations were false.

17.     Throughout the course of Bahnsen's employment, he observed that senior employees that were over forty years of age were often pushed out based on trumped up charges. This was the case with Bahnsen.

18.     In furtherance of that policy and practice, notwithstanding Bahnsen providing evidence that he did not engage in the conduct alleged, Brookhaven, continued to consistently threaten Bahnsen with civil and criminal charges for fabricated conduct and interrogate him as though he was a criminal.

19.     In October 2016, after months of these threats, under the pressure of Brookhaven and the threat of termination and charges being brought against him, Bahnsen felt his only option was to resign from his employment. Accordingly, his resignation constituted a constructive termination.

20.     Moreover, to date, Brookhaven has continued to withhold sick and vacation time accruals that Bahnsen is owed. Per the collective bargaining agreement, that money should have been released to Bahnsen shortly after he resigned.

21.     Brookhaven's conduct, in constructively terminating Bahnsen and harassing him so that he would separate from his employment with Brookhaven is part of a pattern and practice that exists with respect to Brookhaven terminating or coercing resignation from similarly situated employees over the age of forty. For example, upon information and belief, the following individuals, all of whom are longstanding employees and/or over the age of forty (40), have been either terminated, are pending termination or other discipline, or have been coerced in an effort to force them into resigning or retiring: (1) Robert Wallace; (2) John Hoffman; (3) Mike Berlin; (4) Glenn Wolfinger; (5) John McHugh; (6) Kenny Patton; (7) William McFall; (8) Malia Levy; and, (9) Dupert Flores.

22.     To the contrary, upon information and belief, employees under the age of forty (40) have been guilty of significant infractions that warranted significant discipline, up to and including termination, but have either not been subjected to discipline or have been issued with minor discipline.

4

23.     Based on the foregoing, Bahnsen alleges that Brookhaven, through their conduct, subjected him to unlawful discrimination due to his age in violation of the Age Discrimination in Employment Act, up to and including his constructive termination. The aforementioned conduct has caused Plaintiff to suffer damages, including but not limited to, lost pay damages, prospective front pay damages, damage to his pension, lost benefits and emotional and physical damages.

### *Plaintiff's FLSA Claim*

24.     At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

25.     Upon information and belief, at all relevant times, Brookhaven had gross revenues in excess of $500,000.00.

26.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

27.     Upon information and belief, Defendant employs at least twenty (20) employees at any one time.

28.     Beginning in or about April 2001 and up to October 2016, Defendant employed Bahnsen as a Building Inspector. During his employment, Bahnsen was compensated on an hourly basis at a rate of $46 per hour. Contractually, Bahnsen was entitled to overtime pay at one and a half times his hourly rate for any work performed beyond 35.5 hours per week.

29.     In or around 2005, Bahnsen's work location changed to the new Town Hall. At that point, up until his termination, while working for Defendant, Bahnsen was typically required and/or did in fact work five (5) days a week, from 7:00 a.m. to 4:30 p.m., resulting

in his working nine and one half (9 and ½) hours per day, for a total of 47.5 per week, with Bahnsen only taking a lunch break of one hour on occasion toward the end of his employment.

30.     Despite Bahnsen's working the same hours throughout the year, Brookhaven would not pay Bahnsen overtime pay for the period of September through February. Effectively, Brookhaven would continue to require Bahnsen to work overtime hours and would allow him to do so, but effective approximately September of each year, until March of the following year, Brookhaven would refuse to pay time and a half for any hours worked over forty (40) in a given week.

31.     Moreover, at times during Bahnsen's employment, Brookhaven would knowingly have Bahnsen's timesheets falsely reflect a start time of 9:00 a.m. despite knowing that Bahnsen actually began his work day at 7:00 a.m., thereby hiding the fact that Bahnsen was working and should be paid overtime.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT
(Unpaid Overtime)

32.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33.     Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

34.     Plaintiff did not receive overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

6

35.     Consequently, by failing to pay Plaintiffs, and those individuals similarly situated, all their overtime compensation, Defendant violated the FLSA 29 U.S.C. § 207.

36.     Upon information and belief, the failure of the Defendant to pay overtime compensation was willful.

37.     By the foregoing reasons, Defendant is liable to Plaintiff, in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

38.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

39.     As described above, Brookhaven has taken adverse employment actions and/or subjected Plaintiff to an atmosphere of adverse employment actions, to which Plaintiff would not have been subjected, but for his age, in violation of the Age Discrimination in Employment Act of 1967.

40.     As a result of the above-referenced conduct, Plaintiff has suffered damages, including but not limited to, lost pay damages, prospective front pay damages, damage to his pension, lost benefits and emotional and physical damages.

## THIRD CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983

41.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

42.     Defendant, while acting under color of federal law, deprived Plaintiff of his constitutional rights, as secured by the Fourteenth Amendment to the United States

Constitution, in violation of 42 U.S.C. § 1983.   The Defendant have intentionally committed, condoned, and/or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that the Defendant, through their agents, propagated and fostered a custom or practice of discriminating against Plaintiff, and those similarly situated, due to age, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

43.    As a result of the above-referenced conduct, Plaintiff has suffered damages, including but not limited to, lost pay damages, prospective front pay damages, damage to his pension, lost benefits and emotional and physical damages.

WHEREFORE, Plaintiff demands judgment against Defendant for all compensatory, emotional, physical, and liquidated damages, lost pay, front pay, injunctive relief, pre and post judgment interest, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled.  Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       August 1, 2017

Respectfully submitted,

RICOTTA & MARKS, P.C.
*Attorneys for Plaintiff*
37-10 37th Avenue, Suite 401
Long Island City, New York 11101
(347) 464-8694

THOMAS RICOTTA

8