UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WILLIAM BAHNSEN,

                 Plaintiff,

     - against -

THE TOWN OF BROOKHAVEN,

                 Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

17-cv-04545 (SJF) (AYS)


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

# **TABLE OF CONTENTS**

**Page**

FACTS ALLEGED IN THE COMPLAINT ........................................................................... 1

STANDARD OF REVIEW ................................................................................................. 2

ARGUMENT ..................................................................................................................... 4

POINT I       THE COMPLAINT FAILS TO STATE A PLAUSIBLE
                CLAIM OF AGE DISCRIMINATION ................................................... 4

        A.     Plaintiff Did Not Suffer An Adverse Employment Action Or
              Otherwise Plead A Plausible Claim For Constructive Discharge .......... 4

        B.     Plaintiff's Age Discrimination Claim Is Too Conclusory ...................... 6

POINT II      PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983 IS
                PRECLUDED ........................................................................................ 14

POINT III     THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE
                CLAIM   UNDER THE FLSA .............................................................. 17

        A.     To The Extent Plaintiff's FLSA Claim Is Time Barred It
              Must Be Dismissed ............................................................................... 17

        B.     The Complaint Is Too Vague As To The Alleged Overtime
              Plaintiff Worked ................................................................................... 18

CONCLUSION ................................................................................................................. 23

159493.1 11/13/2017

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahlmeyer v. Nev. Sys. Of Higher Educ.*,
    555 F.3d 1051 (9th Cir. 2009) ...................................................................................14

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009)..................................................................... 2-3

*Batista v. Rodriguez*,
    702 F.2d 393 (2d Cir. 1983) ....................................................................................15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................................2

*Ben-Levy v. Bloomberg*,
    518 Fed. Appx. 17 (2d Cir. 2013)...............................................................................7

*Benyard v. White Plains Hosp. Med. Ctr.*,
    2013 U.S. Dist. LEXIS 161752 (S.D.N.Y. 2013)....................................................11

*Bhanusali v. Orange Reg'l Med. Ctr.*,
    2013 U.S. Dist. LEXIS 113974 (S.D.N.Y. 2013)......................................................9

*Blanco v. Brogan*,
    2007 U.S. Dist. Lexis 86890 (S.D.N.Y. 2007) ........................................................17

*Board of Regents of Univ. of New Mexico v. Migneault*,
    528 U.S. 1110 (2000)...............................................................................................14

*Boutros v. JTC Painting & Decorating*,
    2013 U.S. Dist. LEXIS 148323 (S.D.N.Y. 2013)....................................................20

*Brennan v. Bausch & Lomb*,
    950 F. Supp. 545 (E.D.N.Y. 1997) .............................................................................8

*Chennareddy v. Bowsher*,
    935 F.2d 315 (D.C. Cir. 1991)..................................................................................14

*Crawford v. Medina Gen. Hosp.*,
    96 F.3d 830 (6th Cir. 1996) ......................................................................................12

*Cromwell v. NYC Health & Hosp. Corp.*,
    2013 U.S. Dist. LEXIS 69414 (S.D.N.Y. 2013).......................................................19

159493.1 11/13/2017

*Davis v. County of Nassau,*
    355 F. Supp. 2d 668 (E.D.N.Y. 2005) ........................................................16

*Dean v. New York City Transit Auth.,*
    297 F. Supp. 2d 549 (E.D.N.Y. 2004) ........................................................16

*Decraene v. Neuhaus (U.S.A.), Inc.,*
    2005 U.S. Dist. LEXIS 10836 (S.D.N.Y. 2005)........................................18

*DeJesus v. HF Mgmt. Servs. LLC,*
    726 F.3d 85 (2d Cir. 2013) ........................................................................20

*Economic Opportunity Comm'n v. County of Nassau,*
    47 F. Supp. 2d 353 (E.D.N.Y. 1999) ........................................................16

*EEOC v. Port Auth. of N.Y. & N.J.,*
    768 F.3d 247 (2d Cir. 2014) ........................................................................7

*Fayson v. Kaleida Health Inc.,*
    2002 WL 31194559 (W.D.N.Y. 2002), *aff'd,* 71 Fed. Appx. 875
    (2d Cir. 2003)............................................................................................12

*Foray v. Bell Atl.,*
    56 F. Supp. 2d 327 (S.D.N.Y. 1999) ........................................................10

*Garel v. City of New York,*
    2005 WL 878571 (E.D.N.Y. 2005) ............................................................16

*Gundlach v. IBM, Japan,*
    2012 WL 1520919 (S.D.N.Y. 2012)............................................................8

*Harris v. Mills,*
    572 F.3d 66 (2d Cir. 2009) ..........................................................................3

*Hayden v. County of Nassau,*
    180 F.3d 42 (2d Cir. 1999) ........................................................................15

*Henry v. N.Y.C. Health & Hosp. Corp.,*
    18 F. Supp. 3d 396 (S.D.N.Y. 2014) ........................................................11

*Hidebrand v. Allegheny County,*
    757 F.3d 99 (3d Cir. 2014) .................................................................. 14-15

*Ho v. Sim Enterprises*
    2014 U.S. Dist. LEXIS 66408 ..................................................................18

*Holoway v. Stratasys,*
    2014 U.S. App. LEXIS 21223 (8th Cir. 2014) ..................................... 21-22

159493.1 11/13/2017

*Hu v. UGL Servs. Unicco Operations Co.*,
    2014 U.S. Dist. LEXIS 145552 (S.D.N.Y. 2014) ............................................................11

*Hussey v. N.Y.S. Dep't of Law*,
    933 F. Supp. 2d 399 (E.D.N.Y. 2013) ...........................................................................7

*Jones v. McCormick & Schmick's Seaford Rest., Inc.*,
    2014 U.S. Dist. LEXIS 58460 (D.N.J. 2014) ..................................................................5

*Kajoshaj v. N.Y. City Dep't of Educ.*,
    543 Fed. Appx. 11 (2d Cir. 2013) ..................................................................................2

*Katz v. Beth Israel Med. Ctr.*,
    2001 WL 11064 (S.D.N.Y. 2001) ...................................................................................6

*Kpaka v. City Univ. of N.Y.*,
    2015 U.S. Dist. LEXIS 2015 (S.D.N.Y. 2015) ..............................................................10

*Lafleur v. Tex. Dep't of Health*,
    126 F.3d 758 (5th Cir. 1997) ........................................................................................14

*Landers v. Quality Communications*,
    2014 U.S. App. LEXIS 21440 (9th Cir. 2014) ..........................................................21-22

*Levitz v. Robbins Music Corp.*,
    6 A.D.2d 1027, 178 N.Y.S.2d 221 (1st Dep't 1958) .......................................................5

*Liburd v. Bronx Lebanon Hosp. Ctr.*,
    2008 U.S. Dist. LEXIS 62867 (S.D.N.Y. 2008) ..............................................................8

*Lundy v. Catholic Health Sys. of Long Island Inc.*,
    711 F.3d 106 (2d Cir. 2013) .....................................................................................18-22

*Mathurin v. Skrivaneck*,
    2003 WL 23744279 (S.D.N.Y. 2003) .............................................................................6

*Maysonet v. Citi Group, Inc.*,
    2011 WL 476610 (S.D.N.Y. 2011) .................................................................................8

*Mehrhoff v. William Floyd Sch. Dist.*,
    2005 WL 2077292 (E.D.N.Y. 2005) .............................................................................13

*Meyer v. William Floyd Sch. Dist.*,
    2009 WL 3327208 (E.D.N.Y. 2009) ...............................................................................4

*Migneault v. Peck*,
    158 F.3d 1131 (10th Cir. 1998) ....................................................................................14

159493.1 11/13/2017

*Mohawk v. William Floyd Sch. Dist.,*
    2014 U.S. Dist. LEXIS 27621 (E.D.N.Y. 2014) ................................................3

*Moscowitz v. Brown,*
    850 F. Supp. 1185 (E.D.N.Y. 1994) ................................................16

*Muller v. U.S. Steel Corp.,*
    509 F.2d 923 (10th Cir. 1975) *cert. denied,* 423 U.S. 825 (1975)............................6

*Nakahata v. New York Presbyterian Health Sys. Inc.,*
    723 F.3d 192 (2d Cir. 2013) ................................................20

*Nocera v. N.Y.C. Fire Comm'r,*
    921 F. Supp. 192 (S.D.N.Y. 1996) ................................................5

*Ochei v. Mary Manning Walsh Nursing Home Co.,*
    2011 WL 744738 (S.D.N.Y. 2011)................................................12-13

*People v. Grasso,*
    54 A.D.3d 180, 861 N.Y.S.2d 627 (1st Dep't 2008) ................................................5

*Phillips v. General Dynamics Corp.,*
    811 F. Supp. 788 (N.D.N.Y. 1993)................................................6

*Piccone v. Town of Webster,*
    511 Fed. Appx. 63 (2d Cir. 2013)................................................15

*Proud v. Stone,*
    945 F.2d 796 (4th Cir. 1991) ................................................9

*Reyes v. City Univ. of N.Y.,*
    2007 WL 2186961 (S.D.N.Y. 2007)................................................4

*Rodriguez v. Graham-Windham Servs. to Families & Children,*
    2001 WL 46985 (S.D.N.Y. 2001)................................................6

*Ruotolo v. City of N.Y.,*
    2008 WL 313795 (2d Cir. 2008) ................................................3

*Sampson v. Medisys Health Network, Inc.,*
    2013 U.S. Dist. LEXIS 43771 (E.D.N.Y. 2013) (Feuerstein, J.)............................19

*Serrano v. I. Hardware Distribs., Inc.,*
    2015 WL 4528170 (S.D.N.Y. 2015)................................................20

*Shein v. New York City Dep't of Educ.,*
    2016 U.S. Dist. LEXIS 20015 (S.D.N.Y. 2015)................................................15

159493.1 11/13/2017

*Smith v. City of New York,*
    290 F. Supp. 2d 317 (E.D.N.Y. 2003) ................................................................16

*Smith v. Local 819 I.B.T. Pension Plan,*
    291 F.3d 236 (2d Cir. 2002) ...........................................................................3

*Spence v. Maryland Cas. Co.,*
    995 F.2d 1147 (2d Cir. 1993) ..........................................................................6

*Stetson v. NYNEX Service Co.,*
    995 F.2d 355 (2d Cir. 1993) ...........................................................................6

*Sweeney v. City of N.Y.,*
    2004 U.S. Dist. LEXIS 6263 (S.D.N.Y. 2004), *aff'd,* 2006 U.S. App.
    LEXIS 15915 (2d Cir. 2006) ...........................................................................10

*Tapia-Tapia v. Potter,*
    322 F.3d 742 (1st Cir. 2003).........................................................................14

*TZ Manor, LLC v. Daines,*
    2011 U.S. Dist. LEXIS 109597 (S.D.N.Y. 2011) ......................................................3

*Valle v. Bally Total Fitness,*
    2003 WL 22244552 (S.D.N.Y. 2003) ..................................................................13

*Van Emrik v. Chemung County Dep't of Social Serv.,*
    911 F.2d 863 (2d Cir. 1990) ..........................................................................16

*Velasquez v. Digital Page,*
    2014 U.S. Dist. LEXIS 68538 (E.D.N.Y. 2014) ......................................................17

*Villa v. Tiano's Constr. Corp.,*
    2012 U.S. Dist. LEXIS 127788 (E.D.N.Y. 2012) .....................................................17

*Walz v. 44 & X,*
    2012 U.S. Dist. LEXIS 161382 (S.D.N.Y. 2012).....................................................20

*Weisbecker v. Sayville Union Free Sch. Dist.,*
    890 F. Supp. 2d 215 (E.D.N.Y. 2012) .................................................................5

*Weslowski v. Zugibe,*
    96 F. Supp. 3d 308 (S.D.N.Y. 2015) ..................................................................10

*Whyte v. Contemporary Guidance Svcs.,*
    2004 U.S. Dist. LEXIS 12447 (S.D.N.Y. 2004).......................................................7

*Wiggins v. The Garden City Golf Club,*
    2017 U.S. Dist. LEXIS 178678 (E.D.N.Y. Oct. 25, 2017)............................................20

159493.1 11/13/2017

*Yusuf v. Vassar Coll.*,
   35 F.3d 709 (2d Cir. 1994) ........................................................................13

*Zahra v. Town of Southold*,
   48 F.3d 674 (2d Cir. 1995) ........................................................................15

*Zombro v. Baltimore City Police Dep't*,
   868 F.2d 1364 (4th Cir. 1989) ..................................................................14

*Zucker v. Five Towns College*,
   2010 WL 3310698 (E.D.N.Y. 2010) ..................................................... 12-13

## Statutes

29 U.S.C. § 255(a) .........................................................................................17

42 U.S.C. § 1983..................................................................................... 14-17

Age Discrimination in Employment Act (ADEA) ...............................................*passim*

Fair Labor Standards Act (FLSA) ...................................................................*passim*

159493.1 11/13/2017

The Town of Brookhaven ("Town") submits this memorandum of law in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Complaint. For the reasons discussed in detail below, all of Plaintiff's claims must be dismissed.

## FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff was born in November 1954. (Complaint ¶ 1).

From in or about April 2001 until he resigned in October 2016, Plaintiff William Bahnsen was employed by the Town. (Complaint ¶¶ 9, 19). Plaintiff held the position of Building Inspector at various points during his employment, from April 2001 until in or about 2007, from in or about 2008 until June 2016, and again from August 2016 until he resigned. (Complaint ¶¶ 9, 11, 13-15, 19).

During the time he was employed, Plaintiff was twice promoted from the Building Inspector position to the position of Senior Building Inspector, the first promotion being in or about 2007 and the second being in June 2016. (Complaint ¶¶ 11, 14). At the time of these promotions, Plaintiff was 53 years old and 61 years old, respectively. (*See* Complaint ¶ 1).

In August 2016, Plaintiff was removed from the Senior Building Inspector position "due [to] alleged charges regarding his performance that were being investigated" relating to the Town's belief that "[Plaintiff] was stealing time from [the Town] and engaging in theft of services." (Complaint ¶¶ 15-16).

Regardless of the position held at the time, from 2005 until the end of his employment, Plaintiff worked 47.5 hours per week. (Complaint ¶ 29). However, included in that worktime, is a one hour lunchbreak that Plaintiff would take towards the end of his employment. (Complaint

---

[1] The facts alleged in the Complaint, and restated herein, are only accepted as true for the purposes of this motion.

159493.1 11/13/2017

¶ 29).   During the fall/winter months of September through February, Plaintiff would only be paid for 40 hours of work per week.  (Complaint ¶ 30).

Plaintiff resigned his employment in October 2016.  Plaintiff was 61 years old in October 2016 when he resigned his employment with the Town.  (*See* Complaint ¶ 1).

All of Plaintiff's claims must be dismissed.

## STANDARD OF REVIEW

It is well-settled that in order "[t]o survive a motion to dismiss, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Kajoshaj v. N.Y. City Dep't of Educ.*, 543 Fed. Appx. 11, *13 (2d Cir. 2013) *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

As the United States Supreme Court has explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Twombly*, 550 U.S. at 555.  Rather, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and the line "between the factually neutral and the factually suggestive … must be crossed to enter the realm of plausible liability."  *Id.* at 555, 557 n. 5.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (internal quotation omitted).   A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Where a complaint pleads facts that are merely consistent with a

2

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation omitted).

Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In considering whether a complaint states a claim upon which relief can be granted, the court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 664. While Rule 8 of the Federal Rules of Civil Procedure does not require "hyper-technical, code-pleading ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-679. "While legal conclusions can provide the complaint's framework, *they must be supported by factual allegations*." *Id.* at 664 (emphasis added). "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Id.* at 678; *accord Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). If, through the factual allegations in a complaint, "a plaintiff 'ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed.'" *TZ Manor, LLC v. Daines*, 2011 U.S. Dist. LEXIS 109597, *17 (S.D.N.Y. 2011) (alteration in original) *quoting Twombly*, 550 U.S. at 570; *see Mohawk v. William Floyd Sch. Dist.*, 2014 U.S. Dist. LEXIS 27621, *9-10 (E.D.N.Y. 2014) (dismissing conclusory discrimination discharge claim).

Conclusory allegations of discrimination "do not plausibly allege circumstances giving rise to an inference of discrimination" and are insufficient to state a claim for employment discrimination. *Mohawk*, 2014 U.S. Dist. LEXIS 27621 at *9-10; *see Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *see Ruotolo v. City of N.Y.*, 2008 WL 313795 (2d Cir. 2008) (affirming dismissal of conclusory

159493.1 11/13/2017

employment discrimination claim on a 12(b)(6) motion); *Meyer v. William Floyd Sch. Dist.*, 2009 WL 3327208 (E.D.N.Y. 2009) (dismissing conclusory employment discrimination claim); *Reyes v. City Univ. of N.Y.*, 2007 WL 2186961, *5 (S.D.N.Y. 2007) (dismissing retaliation claim because Plaintiff "has not 'amplif[ied] his claim with some factual allegation in those contexts where some amplification is needed to render the claim plausible.'").

As demonstrated below, the Complaint here is devoid of factual allegations that elevate Plaintiff's claims above pure speculation and into the realm of plausibility.

## ARGUMENT

### POINT I

### THE COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM OF AGE DISCRIMINATION

Plaintiff here attempts to assert a claim under the Age Discrimination in Employment Act ("ADEA") claiming that his employment was unlawfully demoted from his position as Senior Building Inspector in August 2016 and "constructively terminated" in October 2016 because of his age.  Plaintiff's ADEA claim fails for several reasons.

**A.   Plaintiff Did Not Suffer An Adverse Employment Action Or Otherwise Plead A Plausible Claim For Constructive Discharge**

To the extent Plaintiff attempts to assert an age discrimination claim with regard to the end of his employment, his claim necessarily fails and must be dismissed.  Despite Plaintiff's claim that his employment was "terminated" for discriminatory reasons, in fact no termination actually occurred.  As expressly alleged in the Complaint, Plaintiff chose to "*resign* from his employment" (Complaint ¶ 19 (emphasis added)) and thus did not suffer any adverse employment action with regard to the end of his employment for which he can now bring a claim.

4

It is well settled that "[r]esignation is ordinarily a voluntary act." *Levitz v. Robbins Music Corp.*, 6 A.D.2d 1027, 1027, 178 N.Y.S.2d 221 (1st Dep't 1958). Even when resignations have been tendered under threat of possible termination, courts have consistently found such resignations to be voluntary on the part of the resigning employee. *See, e.g., Nocera v. N.Y.C. Fire Comm'r*, 921 F. Supp. 192, 202 (S.D.N.Y. 1996) (holding "resignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges" because "the fact remains that plaintiff had a choice"); *Levitz*, 6 A.D.2d at 1027 ("the fact that the plaintiff was threatened with discharge" if he did not resign "does not constitute such duress as to render the resignation involuntary"); *People v. Grasso*, 54 A.D.3d 180, 211, 861 N.Y.S.2d 627 (1st Dep't 2008) (holding employee who resigned after he was asked to do so by employer's governing board was not "fired" by employer).

Inasmuch as Plaintiff admittedly *resigned* his employment, he has failed to allege that he suffered an adverse employment action for which the Defendants can be liable. *Weisbecker v. Sayville Union Free Sch. Dist.*, 890 F. Supp. 2d 215, 219-220 (E.D.N.Y. 2012) (holding no "rational juror could find an adverse employment action" where rather than face possible termination "plaintiff instead chose to resign"); *Jones v. McCormick & Schmick's Seaford Rest., Inc.*, 2014 U.S. Dist. LEXIS 58460 (D.N.J. 2014) ("[A]n employee who voluntarily resigns cannot show that he or she has suffered an adverse employment decision at the hands of the employer.").

Moreover, despite Plaintiff's attempt to characterize his resignation as a "constructive termination" (Complaint ¶ 19), the allegations in the Complaint—consisting only of Plaintiff's claim that he was unfairly demoted from the Senior Building Inspector position in August 2016, and "interrogate[d]" by the Town about his suspected misconduct "as though he were a criminal"

159493.1 11/13/2017

(Complaint ¶¶ 15-19)—fall far short of pleading a plausible claim for constructive discharge. *See, e.g., Spence v. Maryland Cas. Co.,* 995 F.2d 1147 (2d Cir. 1993) (holding criticism for poor performance, denial of salary increase, being placed on probation, rough treatment by supervisor, and comments that supervisor wished plaintiff to become ill not sufficient for constructive discharge); *Stetson v. NYNEX Service Co.,* 995 F.2d 355, 360 (2d Cir. 1993) (employee's dissatisfaction with work assignments and disagreement with criticism of work quality "falls far short" of a constructive discharge claim); *Katz v. Beth Israel Med. Ctr.,* 2001 WL 11064, *12 (S.D.N.Y. 2001) (finding no constructive discharge where a plaintiff alleged she was told to retire, unfairly disciplined, and threatened with termination); *Muller v. U.S. Steel Corp.,* 509 F.2d 923, 929 (10th Cir. 1975) *cert. denied*, 423 U.S. 825 (1975) (holding discriminatory failure to promote and demotion did not make workplace so intolerable as to support a constructive discharge claim); *Mathurin v. Skrivaneck,* 2003 WL 23744279, *13-14 (S.D.N.Y. 2003) (holding claim of constructive discharge was "plainly meritless" and "patently groundless" where plaintiff "was criticized repeatedly for unprofessional or deficient conduct" because "such critiquing, even in harsh terms, does not justify viewing a plaintiff's departure as forced by the employer … even if these criticisms had been coupled with adverse economic consequences"); *Rodriguez v. Graham-Windham Servs. to Families & Children,* 2001 WL 46985, *6 (S.D.N.Y. 2001) (finding no constructive discharge when employer demoted employee instead of terminating her); *Phillips v. General Dynamics Corp.,* 811 F. Supp. 788, 794 (N.D.N.Y. 1993) (unfavorable job assignments, failure to promote, and "[l]ower pay resulting from gender discrimination" held to be "insufficient to constitute a constructive discharge claim").

## B.    Plaintiff's Age Discrimination Claim Is Too Conclusory

Even if, *arguendo*, Plaintiff's resignation could somehow be characterized as a "constructive termination," the Complaint fails to plead any facts that plausibly suggest that

6

anything the Town did—including removing him from the Senior Building Inspector position in August 2016 and all of the acts alleged relating to the end of Plaintiff's employment in October 2016 (*see* Complaint ¶¶ 15-20)—was done because of Plaintiff's age.  It is well-settled that a complaint "must at a minimum assert non-conclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal quotation omitted).

The law is clear that in order "to prevail on claims of discrimination under the ADEA, a plaintiff must show that 'but for' his age the adverse employment action would not have been taken." *Ben-Levy v. Bloomberg*, 518 Fed. Appx. 17, *19 n. 1 (2d Cir. 2013).  Here, however, the allegations in the Complaint fail to plausibly show that Plaintiff's age was a factor—let alone the "but for" determinative factor—with regard to anything that is alleged to have occurred to the Plaintiff.  Because Plaintiff offers nothing but his own subjective, conclusory belief in support, his age discrimination claim fails as a matter of law.  *See, e.g., Hussey v. N.Y.S. Dep't of Law*, 933 F. Supp. 2d 399, 406-407 (E.D.N.Y. 2013) ("It is axiomatic that mistreatment at work is actionable … only when it occurs *because of* an employee's … protected characteristics. … Here, the plaintiff has failed to allege facts sufficient to nudge her claims across the line from conceivable to plausible." (alteration and emphasis in original; internal quotation omitted)).

Far from alleging discriminatory treatment, the allegations in the Complaint actually demonstrate that Plaintiff, who was born in November 1954, hired at age 47 and then *promoted* by the Town in 2007 when he was 53 years old and again in October 2016 at age 61.  (Complaint ¶¶ 1, 11, 14).  These facts alone belie Plaintiff's claim of age discrimination. *See Whyte v. Contemporary Guidance Svcs.*, 2004 U.S. Dist. LEXIS 12447, *10 (S.D.N.Y. 2004) ("plaintiff's conclusory allegation that CGS discriminates against older employees in an effort to force them

159493.1 11/13/2017

to resign is belied by plaintiff's allegation that he was hired when he was forty-three years old, and thus already a member of the protected class."); *Gundlach v. IBM, Japan*, 2012 WL 1520919, \*6 n. 6 (S.D.N.Y. 2012) ("If Plaintiff was over forty years old when he was hired … this fact would also undermine his age discrimination claim."); *Maysonet v. Citi Group, Inc.*, 2011 WL 476610 (S.D.N.Y. 2011) ("the fact that Citi hired Maysonet at the age of forty-two makes any inference of age discrimination doubtful").[2]  For example, as stated by the Fourth Circuit in the leading case on this issue:

> One is quickly drawn to the realization that claims that employer animus exists in termination but not in hiring seems irrational. From the standpoint of the putative discriminator, it hardly makes sense to hire workers from a group one dislikes (thereby incurring the psychological costs of associating with them), only to fire them once they are on the job.
>
> ***
>
> Our holding advances the aims of the statute.  For almost any employer, there will be cases where an individual hired for a position does not meet the employer's expectations and a termination ensues.  If former employees in these situations bring ADEA claims that are allowed to proceed to trial, employers may fear that a costly suit is possible even when there are completely legitimate reasons for a discharge.  When this is coupled with the fact that individuals are far more likely to bring suits for discriminatory discharge than for discriminatory failure to hire, there is a grave risk that employers who otherwise would have no bias against older workers will now refuse to hire them in order to avoid meritless but costly [age discrimination] actions. *Courts must promptly dismiss such insubstantial claims in order to prevent the statute from becoming a cure that worsens the malady of age discrimination.*

---

[2] *See also Liburd v. Bronx Lebanon Hosp. Ctr.*, 2008 U.S. Dist. LEXIS 62867, \*16 (S.D.N.Y. 2008) ("[Plaintiff's] conclusory allegation that the Hospital discriminated against her on account of her age is belied by her having been hired when she was forty-seven years old, and thus already a member of the protected class."); *Brennan v. Bausch & Lomb*, 950 F. Supp. 545, 551-52 (E.D.N.Y. 1997) (dismissing age discrimination claims where plaintiff was member of protected class at time of hiring and firing); *Lowe v. J.B. Hunt Transp.*, Inc., 963 F.2d 173, 175 (8th Cir. 1992) ("it is simply incredible … that the company officials who hired [plaintiff] at age fifty-one had suddenly developed an aversion to older people").

159493.1 11/13/2017

*Proud v. Stone*, 945 F.2d 796, 797-98 (4th Cir. 1991) (emphasis added; citations and internal quotations omitted). Here, as in *Proud*, the laudable goals of the anti-discrimination laws would be severely undermined if Plaintiff is now allowed to proceed with his claim of age discrimination against the very employer that hired him at age 47 and then promoted him when he was 53 years old and again at age 61.

Moreover, no factual allegations are pled anywhere in the Complaint that actually connect the end of Plaintiff's employment with his age. The sole allegation in the Complaint upon which Plaintiff bases his age discrimination claim is that "upon information and belief" certain other employees over age 40 were terminated or disciplined, or otherwise resigned or retired. (Complaint ¶ 21). But notably absent is any allegation as to the circumstances relating to the termination, discipline, resignation or retirement of those other individuals. For example, the Complaint is entirely silent as to whether those other individuals engaged in misconduct leading to the termination or other discipline. The Complaint is also completely devoid of any actual facts to show those other individuals are, or plausibly could be deemed to be, similarly situated to the Plaintiff. (Complaint ¶ 21). Despite making a boilerplate statement "upon information and belief," Plaintiff also fails to allege any facts whatsoever that any similarly situated employee under age 40 was treated more favorably than him. (Complaint ¶ 22). Without pleading any facts that plausibly demonstrate Plaintiff is similarly situated in all material respects to the individuals with whom he seeks to compare himself, Plaintiff's reliance on those other individuals necessarily fails. *Bhanusali v. Orange Reg'l Med. Ctr.*, 2013 U.S. Dist. LEXIS 113974 (S.D.N.Y. 2013) ("To support an inference of discrimination based on allegations of disparate treatment, a plaintiff must plausibly allege the existence of at least one comparator who was more favorably treated despite being similarly situated to the plaintiff in all material

<center>9</center>

respects, meaning (1) subject to the same performance evaluation and discipline standards and (2) engaged in comparable conduct.").

Courts routinely dismiss discrimination claims at the motion to dismiss stage where, as is the case here, the plaintiff has failed to identify any similarly situated employees outside of his/her protected class who were treated more favorably. *See, e.g., Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 319-321 (S.D.N.Y. 2015) (dismissing discrimination claim on 12(b)(6) motion for plaintiff's failure to allege he was similarly situated to other employees treated more favorably); *Foray v. Bell Atl.*, 56 F. Supp. 2d 327, *329-330 (S.D.N.Y. 1999) (same); *Sweeney v. City of N.Y.*, 2004 U.S. Dist. LEXIS 6263 (S.D.N.Y. 2004) (same), *aff'd*, 2006 U.S. App. LEXIS 15915 (2d Cir. 2006); *Kpaka v. City Univ. of N.Y.*, 2015 U.S. Dist. LEXIS 2015, *10-11 (S.D.N.Y. 2015) (granting 12(b)(6) motion where plaintiff "does not alleged any facts to suggest that [other employees] were 'similarly situated' to her such that an inference of differential treatment 'may be attributable to discrimination'"). For example, as one court has aptly stated in dismissing a discrimination claim at the motion to dismiss stage:

> A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably, but in order to make such a showing, the plaintiff must compare herself to employees who are similarly situated in all material respects. Similarly situated in all material respects does not mean all respects generally, but rather sufficiently similar to support at least a minimal inference that the difference of treatment may be attributable to discrimination.
>
> Here, the Amended Complaint lacks any factual basis from which one could infer that any Caucasian employee similarly situated to [plaintiff] was subject to differential treatment. [Plaintiff] alleges in general terms that her hair is the same color as several non-black employees, but the Amended Complaint is otherwise silent as to these comparators. *It fails to describe who these people are, what their responsibilities were, how their workplace conduct compared to [plaintiff], or how they were treated. Without factual amplification, the generic allegation of disparate treatment related to an unspecified class of Caucasian persons is simply not sufficient to nudge her claims across the line from*

10

> *conceivable to plausible, and thus is insufficient to support her racial*
> *discrimination claim.*

*Henry v. N.Y.C. Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 408 (S.D.N.Y. 2014) (emphasis added; internal quotation and citation omitted). Because Plaintiff here has failed to identify a single similarly situated employee outside of his protected class who was not similarly treated by the Town, Plaintiff's age discrimination claim must be dismissed.

There are simply no factual allegations in the Complaint that being removed from the Senior Building Inspector position in August 2016, Plaintiff's resignation or anything else occurred under circumstances giving rise to a plausible inference of age discrimination. In fact, the Complaint specifically alleges that Plaintiff was removed from the Senior Building Inspector position "due [to] alleged charges regarding his performance that were being investigated" and that the Town believed "[Plaintiff] was stealing time from [the Town] and engaging in theft of services." (Complaint ¶¶ 15-16). Consequently, Plaintiff's own allegations demonstrate that age was *not* the "but for" reason that his position changed or why his employment ultimately ended, and undermine any plausible inference of age discrimination. *See Hu v. UGL Servs. Unicco Operations Co.*, 2014 U.S. Dist. LEXIS 145552, *18 (S.D.N.Y. 2014) (dismissing age discrimination claim where "Plaintiff conjectured that there were multiple reasons for his discharge, including that he was highly paid and younger workers were 'cheaper'. This admission undermines any claim that Plaintiff's age was the 'but-for' cause of his discharge"); *Benyard v. White Plains Hosp. Med. Ctr.*, 2013 U.S. Dist. LEXIS 161752, *16-17 (S.D.N.Y. 2013) (dismissing age discrimination claim because "mixed-motive discrimination claims are not actionable under the ADEA" and plaintiff asserted reasons other than age as bases for her termination).

11

Without factual allegations to plausibly connect his age to either being demoted in August 2016 or the end of his employment, the Complaint here boils down to nothing more than the following "false syllogism" that has consistently been rejected by the courts:

(i)     I am a member of a protected class (as is literally everyone);

(ii)    I resigned my employment and was not permitted to withdraw my resignation;

(iii)   I was not permitted to withdraw my resignation because I am a member of a protected class.

*See, e.g.*, *Zucker v. Five Towns College*, 2010 WL 3310698, *2 (E.D.N.Y. 2010) (dismissing conclusory age discrimination claim); *Ochei v. Mary Manning Walsh Nursing Home Co.*, 2011 WL 744738, *3 (S.D.N.Y. 2011); *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830 (6th Cir. 1996) (dismissing an age discrimination claim where plaintiff claimed "A) My coworkers hate me; B) I am old; C) My coworkers hate me because I'm old."); *Fayson v. Kaleida Health Inc.*, 2002 WL 31194559 (W.D.N.Y. 2002) (dismissing discrimination claim where plaintiff "offers no evidence of discrimination other than the fact that [plaintiff] is a white male which, standing alone, is insufficient"), *aff'd*, 71 Fed. Appx. 875 (2d Cir. 2003).   For example, as one court specifically held in dismissing an employee's discrimination claims against her former employer:

> This is a variation on a common (and patently defective) technique in cases brought under federal and local antidiscrimination statutes: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)."   As the Second Circuit and other courts of appeal have repeatedly stated, this is a false syllogism, one that does not support any inference of discrimination. *Grillo v. N.Y. City Transit Auth.*, 291 F.3d 231 (2d Cir. 2002).

<div align="center">***</div>

159493.1 11/13/2017

> To protect employers from precisely this sort of untenable situation, naked assertions by plaintiff that some protected demographic factor motivated an employment decision, without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's membership in a protected class, are simply too conclusory to withstand a motion to dismiss.

*Ochei*, 2011 WL 744738 at *3.

Here, Plaintiff's claim is simply too conclusory to support any plausible inference of age based discrimination, as he has failed to allege any connection or nexus between his age and either the alleged demotion in August 2016 or the end of his employment. Merely stating his age and that the Town discriminated against him is not sufficient to state a plausible age discrimination claim under the law. *See, e.g., Yusuf v. Vassar Coll.*, 35 F.3d 709, 714 (2d Cir. 1994) (dismissing discrimination claim where there was no reason to suspect that university's action had anything to do with plaintiff's protected status other than his assertion that the protected status was involved); *Mehrhoff v. William Floyd Sch. Dist.*, 2005 WL 2077292, *9 (E.D.N.Y. 2005) ("Plaintiff fails to support her claims of discrimination with any specific events, names or dates relating to the alleged discrimination based on her ... age ... . She merely makes broad and conclusory averments that she was selectively treated because of her ... age and this selective treatment led to her termination."); *Valle v. Bally Total Fitness*, 2003 WL 22244552 (S.D.N.Y. 2003) (dismissing complaint alleging that plaintiff was terminated from his employment due to his age and other protected statuses where the complaint contained no factual allegations supporting those claims).

The facts as alleged here in the Complaint no more support a claim of age discrimination, than if Plaintiff had alleged religion or race discrimination as a reason why his employment ended. *See Zucker*, 2010 WL 3310698 at *2. Plaintiff's bald assertion of discrimination is exactly the type of conclusory averment that the Supreme Court was intent on removing from the

13

courts. His claim that he was demoted from the Senior Building Inspector position and constructively terminated because of his age boils down to the false syllogism that has been repeatedly rejected by the courts.

Plaintiff's age discrimination claim must be dismissed.

## POINT II

### PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983 IS PRECLUDED

In addition to his claim under the ADEA, Plaintiff here also attempts to pursue his age discrimination claim under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff's Section 1983 claim must be dismissed for several reasons.

First, because the ADEA provides Plaintiff with the exclusive remedy for his age discrimination claim, his Section 1983 claim is precluded as a matter of law. *See, e.g., Hidebrand v. Allegheny County*, 757 F.3d 99 (3d Cir. 2014) (dismissing Section 1983 claim holding that "the ADEA does indeed bar such § 1983 claims" for age discrimination in employment because "Congress intended the ADEA to be the exclusive remedy for claims of age discrimination in employment"), *cert. denied*, 135 S. Ct. 1398 (2015); *Ahlmeyer v. Nev. Sys. Of Higher Educ.*, 555 F.3d 1051 (9th Cir. 2009); *Tapia-Tapia v. Potter*, 322 F.3d 742, 745 (1st Cir. 2003); *Migneault v. Peck*, 158 F.3d 1131, 1140 (10th Cir. 1998)[3]; *Lafleur v. Tex. Dep't of Health*, 126 F.3d 758, 760 (5th Cir. 1997); *Chennareddy v. Bowsher*, 935 F.2d 315, 318 (D.C. Cir. 1991); *Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364 (4th Cir. 1989) (holding "[t]he

---

[3] The Tenth Circuit's decision in *Migneault* was vacated on other grounds by *Board of Regents of University of New Mexico v. Migneault*, 528 U.S. 1110 (2000).

159493.1 11/13/2017

inescapable conclusion" is that the ADEA precludes a plaintiff from filing an age discrimination claim under Section 1983).[4]

Second, to the extent that Plaintiff's Section 1983 claim attempts to assert an alleged constitutional violation of equal protection due to the alleged age-based discriminatory actions of the Town, Plaintiff's Section 1983 claim also necessarily fails. The Second Circuit has held that in order "[t]o state a claim for an equal protection violation, [the plaintiff] must allege that a government actor intentionally discriminated against [the plaintiff] *on the basis of race, national origin or gender.*" *Hayden v. County of Nassau*, 180 F.3d 42, 48 (2d Cir. 1999) (emphasis added). It is thus differential treatment on the basis of one's race, national origin and gender— not age—that can serve as the basis for an equal protection claim. Because "[a]ge is not a protected class under the Fourteenth Amendment's Equal Protection Clause," Plaintiff cannot now plausibly assert his age-based equal protection claim under Section 1983. *Shein v. New York City Dep't of Educ.*, 2016 U.S. Dist. LEXIS 20015, *18 (S.D.N.Y. 2015) (granting Rule 12(b)(6) motion and dismissing age-based equal protection claim asserted under Section 1983).

Plaintiff's Section 1983 claim must dismissed for the additional reason that Plaintiff has failed to allege facts from which it can be inferred that any municipal custom or policy resulted in a deprivation of Plaintiff's federally protected rights. The law is clear that in order for a municipality to be held liable in a Section 1983 action, "a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983). But the Complaint here does not allege

---

[4] The vast majority of Circuit Courts of Appeal that have considered the question have ruled in favor of preclusion, but the Second Circuit has not yet ruled on the issue. *Hidebrand v. Allegheny County*, 757 F.3d 99 (3d Cir. 2014) (collecting cases); *Piccone v. Town of Webster*, 511 Fed. Appx. 63, 64 n. 1 (2d Cir. 2013) (summary order) ("It is an open question in our circuit whether the ADEA preempts age discrimination claims under Section 1983).

any facts from which it can plausibly be inferred that the Town has any official policy or custom that caused the Plaintiff to suffer a deprivation of his rights. In boilerplate fashion, the Complaint merely states:

> [The Town's] conduct, in constructively terminating [Plaintiff] and harassing him so that he would separate from his employment with [the Town] is part of a pattern and practice that exists with respect to [the Town] terminating or coercing resignation from similarly situated employees over the age of forty.

(Complaint ¶ 21).   Dispositive here, however, "[b]oilerplate allegations of a custom or policy lacking in any factual support will not survive a 12(b)(6) motion." *Economic Opportunity Comm'n v. County of Nassau*, 47 F. Supp. 2d 353 (E.D.N.Y. 1999); *accord Smith v. City of New York*, 290 F. Supp. 2d 317, 322 (E.D.N.Y. 2003) (conclusory, boilerplate assertion of a municipal policy or custom insufficient to survive motion to dismiss).   Plaintiff's conclusory Section 1983 claim against the Town must therefore be dismissed. *See, e.g., Van Emrik v. Chemung County Dep't of Social Serv.*, 911 F.2d 863, 868 (2d Cir. 1990) (claim against county dismissed because plaintiff failed to adequately allege any custom or policy that county contributed to denial of plaintiff's constitutional rights); *Garel v. City of New York*, 2005 WL 878571 (E.D.N.Y. 2005) (granting 12(b)(6) motion and dismissing Section 1983 claim: "plaintiff's assertions with respect to the existence of a policy are only conclusory, and insufficient to withstand a motion to dismiss"); *Davis v. County of Nassau*, 355 F. Supp. 2d 668 (E.D.N.Y. 2005) (granting 12(b)(6) motion and dismissing Section 1983 claim stating "mere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of allegations of fact tending to support, at least circumstantially, such an inference'"); *Dean v. New York City Transit Auth.*, 297 F. Supp. 2d 549 (E.D.N.Y. 2004) (even under liberal notice pleading, "an allegation of municipal policy or custom [is] insufficient if wholly conclusory"); *Moscowitz v. Brown*, 850 F. Supp. 1185, 1197

16

(E.D.N.Y. 1994) (dismissing claim; "plaintiff must demonstrate that defendant's actions were caused by a specific and identifiable official policy" in order to state a claim under Section 1983); *Blanco v. Brogan*, 2007 U.S. Dist. Lexis 86890, *11 (S.D.N.Y. 2007) ("Plaintiff does not cite any 'official custom or policy' that caused [a] violation of Plaintiff's rights. Nor has she established any persistent or widespread practice of discrimination by [the defendant] that constitutes 'custom or usage.' Plaintiff's Amended Complaint does not allege sufficient facts to assert a §1983 claim against the [municipal employer].").

Accordingly, Plaintiff's Section 1983 claim must be dismissed.

## POINT III

## THE COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM UNDER THE FLSA

In addition to his ADEA and Section 1983 claims, Plaintiff also attempts to assert a claim under the Fair Labor Standards Act ("FLSA"). Like his other claims, however, Plaintiff's FLSA claim fails for several reasons and must be dismissed.

**A.     To The Extent Plaintiff's FLSA Claim Is Time Barred It Must Be Dismissed**

The law is clear that any lawsuit to enforce a cause of action for unpaid overtime compensation or liquidated damages under the Fair Labor Standards Act must:

> be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

29 U.S.C. § 255(a); *see Velasquez v. Digital Page*, 2014 U.S. Dist. LEXIS 68538, *5 (E.D.N.Y. 2014) ("The FLSA provides a two-year statute of limitations on actions to enforce its provisions unless the violation was willful, in which case the limitations period is three years.") *citing* 29 U.S.C. § 255(a); *Villa v. Tiano's Constr. Corp.,* 2012 U.S. Dist. LEXIS 127788, *5 (E.D.N.Y. 2012) ("A FLSA action must be commenced within three years of willful violations, and two

17

years of non-willful violations."); *Ho v. Sim Enterprises* 2014 U.S. Dist. LEXIS 66408, \*34-35;

(S.D.N.Y. 2014) (same).   "A cause of action under the FLSA for 'unpaid overtime

compensation' accrues 'when an employer fails to pay required compensation for any workweek

at the regular payday for the period in which the workweek ends.'"   *Decraene v. Neuhaus*

*(U.S.A.), Inc.*, 2005 U.S. Dist. LEXIS 10836, \*23 (S.D.N.Y. 2005) *quoting* 29 C.F.R. §

790.21(b).

Plaintiff here attempts to assert FLSA claims for alleged unpaid overtime reaching back

to 2005, more than 12 years prior to the filing of the Complaint.   (*See* Complaint ¶¶ 29-31).

Thus, on the face of the Complaint, almost the entirety of Plaintiff's FLSA claim is untimely.

Because the Complaint here was filed on August 2, 2017, at most he can only assert claims for

overtime from August 2, 2015, or from August 2, 2014 to the extent willful.   To the extent

Plaintiff attempts to assert claims for alleged overtime allegedly worked but not paid prior to that

time, his FLSA claim must be dismissed.

**B.**     **The Complaint Is Too Vague As To The Alleged Overtime Plaintiff Worked**

To the extent that Plaintiff's FLSA claim is timely (*see* Point III(A) *supra*), it must still

be dismissed for his failure to sufficiently allege facts to support a plausible claim.

Under established Second Circuit "to state a plausible FLSA overtime claim, a plaintiff

must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated

time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106,

114 (2d Cir. 2013) *citing* 29 U.S.C. § 207(a)(1).   In *Lundy*, the Second Circuit held that the

plaintiffs had failed to plead facts sufficient to support a plausible claim of a violation of the

FLSA because they failed to allege "a single workweek" in which they worked time in excess of

40 hours without compensation.   711 F.3d at 114.   Rather, the plaintiffs there had alleged only

that they "typically" worked a given number of hours, or "occasionally" worked an extra shift, or

18

"approximately twice per month" worked a certain number of shifts.  The Second Circuit stated

that such allegations "invited speculation [that] does not amount to a plausible claim under

FLSA." *Id.* at 115.

Indeed, as this Court has explained, the Second Circuit's ruling in *Lundy* "clarify[ied] the

level of specificity required to plead a claim for unpaid overtime under the FLSA" and that:

> In light of the Second Circuit's holding in *Lundy*, it is clear … that
> plaintiffs cannot survive a motion to dismiss with allegations that
> require … speculation.  It is not sufficient that a "theoretical[]"
> combination of "typical[]" uncompensated time periods could add
> up to more than forty (40) hours in an "unspecified" week or
> weeks; rather "to survive a motion to dismiss, [p]laintiffs must
> allege sufficient factual matter to state a plausible claim that they
> worked compensable overtime in a workweek longer than 40
> hours."

*Sampson v. Medisys Health Network, Inc.*, 2013 U.S. Dist. LEXIS 43771, *7, *14 (E.D.N.Y.

2013) (Feuerstein, J.) (explaining *Lundy's* holding and dismissing FLSA claim due to lack of

specificity under *Lundy*) *quoting Lundy*.

Similarly, in *Cromwell v. NYC Health & Hosp. Corp.*, 2013 U.S. Dist. LEXIS 69414, *8

(S.D.N.Y. 2013), relying on *Lundy*, the court expressly held "to state a claim under the FLSA, a

complaint must state more than vague legal conclusions" and dismissed FLSA claims it found to

be too speculative.  As the court there explained:

> The Amended Complaint does not . . . allege precisely when, or at
> what point during his 21 years of employment, [plaintiff] worked
> more than 40 hours ... [and] the Amended Complaint does not
> point to any particular workweek within the limitations period
> during which [plaintiff] worked uncompensated time more than 40
> hours.  The Amended Complaint thus is deficient for the same
> reason that the allegations as to [why the plaintiff] in *Lundy* failed
> to state a claim.  The estimates and approximations here invite the
> same sort of speculation that the Second Circuit held "does not
> amount to a plausible claim under FLSA."

*Id.,* 2013 U.S. Dist. LEXIS 69414 at *8 *citing Lundy*, 711 F.3d at 115.  Other courts have

likewise rejected FLSA claims where the allegations in the complaint are too general to plead a

159493.1 11/13/2017

plausible claim under *Lundy*. *See, e.g.*, *Walz v. 44 & X*, 2012 U.S. Dist. LEXIS 161382, *11 (S.D.N.Y. 2012) (finding that simply stating Plaintiffs were not paid for overtime work does not sufficiently allege a wage and hour violation); *Boutros v. JTC Painting & Decorating*, 2013 U.S. Dist. LEXIS 148323, *5 (S.D.N.Y. 2013) ("[*Lundy*] held that plaintiffs bringing a FLSA overtime claim must allege not merely that they typically worked unpaid overtime, but must specify at least one week in which they worked overtime hours but were not paid overtime"); *cf. Wiggins v. The Garden City Golf Club*, 2017 U.S. Dist. LEXIS 178678, *6 (E.D.N.Y. Oct. 25, 2017) (stating plaintiff golf caddy's estimate "that he worked two rounds [of golf] per day at least three (3) days per week" was "not enough under the requirements set forth by the Second Circuit" to state a plausible FLSA claim, and allowing plaintiff's claim to proceed only because he identified the week of May 11, 2015 as a specific week where he worked 23 hours of overtime for which he was not paid).

*Lundy's* requirements were reaffirmed by the Second Circuit in *Nakahata v. New York Presbyterian Health Sys. Inc.*, 723 F.3d 192 (2d Cir. 2013), where the plaintiffs alleged that they were not paid for work during meal breaks, training sessions and extra shift time, and thus worked unpaid overtime.  In affirming dismissal, the Second Circuit held that the plaintiffs' complaint lacked the requisite "specificity" required under the law.  "To plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* at 201.  Similarly, in *DeJesus v. HF Mgmt. Servs. LLC*, 726 F.3d 85, 88 (2d Cir. 2013), the Second Circuit upheld the dismissal of a claim under the FLSA claim because the complaint "did not plausibly allege that [Plaintiff] worked overtime without proper compensation." *Id.*; *see Serrano v. I. Hardware Distribs., Inc.*, 2015 WL 4528170, *3 (S.D.N.Y. 2015) ("Allegations that a plaintiff 'regularly worked' more than forty hours per week are insufficient to 'nudge' a plaintiff's claim 'from conceivable to plausible.'" q*uoting DeJesus*).

159493.1 11/13/2017

*Lundy* has also been adopted and followed outside of the Second Circuit.  *See, e.g., Landers v. Quality Communications*, 2014 U.S. App. LEXIS 21440 (9th Cir. 2014); *Holoway v. Stratasys*, 2014 U.S. App. LEXIS 21223 (8th Cir. 2014).  For example, in *Landers v. Quality Communications*, 2014 U.S. App. LEXIS 21440 (9th Cir. 2014) the Ninth Circuit Court of Appeals dismissed a claim by a plaintiff alleging he was denied overtime pay in violation of the FLSA because the plaintiff's allegations failed to sufficiently allege any specific workweek in which he worked overtime for which he was not paid:

> We further agree with our sister circuits that, at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week. *See Pruell*, 678 F.3d at 13; *see also Lundy*, 711 F.3d at 114; *Davis*, 765 F.3d at 42-43. Applying that standard to the pleadings in this case, Landers failed to state a claim for unpaid minimum wages and overtime wages. The complaint did not allege facts showing that there was a specific week in which he was entitled to but denied minimum wages or overtime wages.
>
>               \*\*\*
>
> Notably absent from the allegations in [the Plaintiff's] complaint, however, was any detail regarding a specific workweek when [the Plaintiff] worked in excess of forty hours and was not paid overtime for that specific workweek and/or was not paid minimum wages. Although plaintiffs in these types of cases cannot be expected to allege "with mathematical precision," the amount of overtime compensation owed by the employer, *they should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages. Dejesus,* 726 F.3d at 90. [Plaintiff's] allegations failed to provide "sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201. Instead, as in *Nakahata*, [Plaintiff] "merely alleged that [he was] not paid for overtime hours worked. ..." *Id.* Although these allegations "raise the possibility" of under compensation in violation of the FLSA, a possibility is not the same as plausibility.  *Id.* [Plaintiff's] comparable allegations fail to state a plausible claim under Rule 8. *See id.*

159493.1 11/13/2017

*Landers*, 2014 U.S. App. LEXIS 21440 at *17-18, *20-21. Similarly, in *Holoway v. Stratasys*, 2014 U.S. App. LEXIS 21223 (8th Cir. 2014), the Eighth Circuit Court of Appeals dismissed a plaintiff's FLSA claims due to his failure to articulate the overtime claims with any specificity. Although the *Holoway* plaintiff had claimed that he had worked 60 hours in each week he was employed by the defendant, the court rejected his claim because:

> At various times, [the plaintiff] has estimated his work hours as between forty-five and seventy hours a week, yet has failed to specifically account for the hours worked. … This failure includes a failure by [the plaintiff] to check his hours worked against any business records kept by [the defendant]. In his calculations regarding his typical hours worked, [the plaintiff] also failed to take into account any paid holidays, any paid vacation, or any days he was on duty at home yet never was called out to [work].

*Id.* at *6-7.

Here, as in *Lundy* and its progeny, Plaintiff has failed to articulate in the Complaint any particular workweek in which he worked overtime for which he was not paid. Indeed, the Complaint fails to specify even one specific week in which Plaintiff claims he was not paid for overtime, and instead states in generalized fashion that from 2005 to the end of his employment he worked 47.5 hours per week and was not paid for overtime during the fall/winter months of September to February. (Complaint ¶¶ 29-30). Was Plaintiff never on vacation, sick or absent for any reason that entire period? Did Plaintiff work overtime during that period even on holidays such as Labor Day, Christmas Day, New Year's Day, etc. that the Town was closed? And what about the one hour lunch break that Plaintiff admits he would take, despite that time being included within the 47.5 hours of alleged "worktime" in the Complaint? (Complaint ¶ 29). Despite Plaintiff's general claim for unpaid overtime, the allegations in the Complaint are hardly plausible and therefore fail to satisfy the requirements of *Lundy* and its progeny.

Plaintiff's FLSA claim must be dismissed as a matter of law.

## **CONCLUSION**

For all of the foregoing reasons, the Town's motion to dismiss the Complaint should be

granted in its entirety and all claims asserted against the Town dismissed.

Dated:   Garden City, New York
         November 13, 2017

                                        Respectfully submitted,

                                        BOND, SCHOENECK & KING, PLLC

                                        By:_____
                                            Jessica C. Moller (JS0981)
                                            Ernest R. Stolzer (ES2242)
                                            *Attorneys for the Town of Brookhaven*
                                            1010 Franklin Avenue, Suite 200
                                            Garden City, New York 11530
                                            (516) 267-6300; fax (516) 267-6301
                                            JMoller@bsk.com / EStolzer@bsk.com

23