```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WILLIAM BAHNSEN,

                           Plaintiff,                              REPORT AND
                                                                   RECOMMENDATION
            -against-                                              CV 17-4545 (SJF)(AYS)

THE TOWN OF BROOKHAVEN,

                           Defendant.
---------------------------------------------------------------X
```

**SHIELDS, Magistrate Judge:**

Plaintiff William Bahnsen ("Plaintiff" or "Bahnsen") commenced this action alleging claims of employment discrimination and failure to pay overtime wages against Defendant Town of Brookhaven ("Defendant" or the "Town"). See Compl., Docket Entry ("DE") 1. After conferences and proceedings before this Court, Plaintiff filed an Amended Complaint. See Am. Compl., DE 20. Presently before this Court, upon referral by the Honorable Sandra J. Feuerstein, is Defendant's renewed motion to dismiss Plaintiff's latest pleading. For the reasons set forth below, this Court discusses only the viability of Plaintiff's employment discrimination claims, and not the FLSA claims, which, based upon counsels' representations, are recommended to be dismissed at this time. As to the employment discrimination claims, the Court respectfully recommends that the motion be denied.

BACKGROUND

I.      The Original Complaint, the Motion to Dismiss, and Proceedings Before This Court

As noted, Plaintiff's original complaint alleged claims of employment discrimination and failure to pay overtime wages. See Compl. The employment discrimination claims were set forth pursuant to 42 U.S.C. §1983 ("Section 1983") and the Age Discrimination in Employment Act

1

of 1967, 29 §U.S.C. 621 (the "ADEA"). The wage claims were alleged to arise under the Fair Labor Standards Act, 29 U.S.C. §§207 and 216(b) (the "FLSA"). Defendant moved to dismiss the Complaint in its entirety, and that motion was referred to this Court for Report and Recommendation. See Mot. to Dismiss, DE 13; and Order dated January 23, 2018. In an effort to streamline this litigation, this Court held a conference with counsel, which, after adjournment upon counsels' request, was held on March 5, 2018. See Minute Order dated March 5, 2018, DE 15.  After the March 5, 2018 conference, this Court entered an order recommending that Plaintiff be allowed to amend his complaint within ten days, and that Defendant's motion to dismiss be denied without prejudice to renewal pending that amendment. This Court also recommended that the amended pleading be limited to a re-pleading of Plaintiff's ADEA and Section 1983 claims of employment discrimination. See Report and Recommendation dated March 6, 2018.  The Court further recommended that following the filing of an Amended Complaint, Defendant be given leave to renew the original motion to dismiss, request a briefing schedule for any such motion, or proceed to answer the newly filed pleading. Id.

     As to Plaintiff's FLSA claims, the parties conferred with this Court and thereafter agreed to utilize this Court's FLSA interrogatories, which appear as Appendix D to this Court's individual rules. Plaintiff was directed to respond to those interrogatories within ten days of this Court's order. Counsel were directed to confer as to Plaintiff's FLSA claim, and provide the Court with the status of that claim by way of a joint status letter to be provided on or before March 26, 2018. See Minute Order dated March 5, 2018, DE 18. Plaintiff was thereafter granted until March 19, 2018 in which to file his Amended Complaint and respond to FLSA interrogatories. Electronic Order dated March 14, 2018.

II.     The Amended Complaint and the Status of the FLSA Claim

Plaintiff filed his Amended Complaint on March 19, 2018. On March 26, 2018, counsel submitted a joint letter noting their agreement as to the deficiency of Plaintiff's FLSA interrogatory responses. They also noted Plaintiff's acknowledgement that the FLSA claim, as currently pleaded, failed to state a plausible claim for relief. See Joint Status Letter dated March 22, 2018, DE 22. Plaintiff was, however, continuing his efforts to provide information as to the veracity of his claim of unpaid overtime wages. Id. In a letter dated March 30, 2018, counsel noted that Plaintiff had, once again, failed to provide promised documentation in support of his FLSA claim. While Defendant expected Plaintiff to thereafter voluntarily withdraw his FLSA claim, Plaintiff had not done so. Defendant therefore requested a conference with this Court to discuss the status of Plaintiff's FLSA claim. Status Update Letter dated March 30, 2018, DE 24. This Court scheduled that conference for April 23, 2018. Electronic Order dated April 2, 2018. In the meantime, as discussed immediately below, the District Court adopted this Court's recommendation regarding the filing of an amended pleading and renewal of Defendant's motion to dismiss.

III.    Adoption of the March 6, 2018 R&R and the Renewed Motion to Dismiss

In an order dated April 11, 2108, the District Court adopted this Court's Report and Recommendation dated March 6, 2018. That order accepted the recommendations therein to the extent that Defendant's original motion to dismiss was to be construed as a renewed motion to dismiss the Amended Complaint. That motion was referred to this Court for Report and Recommendation. With respect to that renewed motion, Defendant's letter dated March 29, 2018 was directed to be construed as a supplemental brief to the renewed motion to dismiss. Plaintiff

3

was directed to file any response thereto no later than April 30, 2018, and Defendant was directed to file any reply thereto by May 11, 2018. Order Adopting R. & R. dated April 11, 2018; DE 25; see also Order dated April 11, 2018.

IV. The Status of Plaintiff's FLSA Claim

On April 23, 2108, following the April 11, 2018 referral of the renewed motion to dismiss, this Court held the previously scheduled conference to address the validity of Plaintiff's FLSA claim. See Minute Order dated April 24, 2018, DE 26. At that conference, Plaintiff conceded that the Amended Complaint's pleading of his FLSA claim could not withstand a motion to dismiss. Accordingly, it was agreed that this Court would not address the FLSA claim as pleaded in the Amended Complaint, and Plaintiff's supplemental opposition to the renewed motion to dismiss would not include any opposition to the FLSA arguments set forth in the motion to dismiss. It was further noted that Plaintiff could move to amend the complaint a second time to allege a proper FLSA claim. Id. To date, Plaintiff has made no such motion. The Court therefore includes below a recommendation that the motion to dismiss Plaintiff's FLSA claim be granted, without prejudice to the making of a motion to amend. The Court expresses no opinion as to whether that motion should be granted.

V. The Scope of the Present Motion to Dismiss

In view of the foregoing, and Plaintiff's current abandonment of his FLSA claim, the Court will consider only the viability of Plaintiff's Section 1983 and ADEA employment discrimination claims. The Court turns now to consider the merits of the motion to dismiss each of these claims as set forth in the Amended Complaint.

BACKGROUND

I.    The Amended Complaint

As required in the context of this motion to dismiss, the factual allegations in the complaint, though disputed by Defendant, are accepted as true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

    A.    Plaintiff's Employment and Eventual Resignation

Plaintiff is a 62 year old male who was employed by the Town as a Building Inspector beginning in April of 2001. Am. Compl. ¶ 8. He was born on November 11, 1954. Id. Thus, when he began his employment with the Town, he was 47 years old. In or around 2007, Plaintiff was promoted to the position of Senior Building Inspector. This was a provisional appointment, and, due to his civil service exam results, Plaintiff was returned to his former title of Building Inspector in 2008. Id. at ¶ 11. In June of 2016, Plaintiff completed his civil service exam, and was appointed to the position of Senior Building Inspector. Id. at ¶ 14. Shortly thereafter, in August of 2016, Plaintiff received a letter from the Town stating that he would be removed from this position, and demoted to the title of Building Inspector. The demotion was stated to have been motivated by the Town's investigation of charges regarding Bahnsen's performance. Id. at ¶ 15.

Plaintiff alleges in the Amended Complaint that, to date, he has received no information about the specifics of any alleged charge, and no charges were ever brought against him. Am. Compl. ¶ 15. Despite this allegation, Plaintiff goes on to state that the Town falsely alleged that he was "stealing time from Brookhaven and engaging in theft of services". Id. at ¶ 16. He further

5

states that any such allegations were false, and that he provided the Town with evidence showing the falsity of the charges. Id.

  B.  Plaintiff's Age Discrimination Allegations

Bahnsen supports his claim of age discrimination by allegations that throughout the course of his employment, he has observed a Town "policy and practice" that "senior employees that were over forty years of age were often pushed out based on trumped up charges, and subsequently replaced with younger and less senior individuals." Am. Compl. at ¶¶ 17-18. Bahnsen states that this was also the case with respect to his own situation as "the charges and allegations proffered against him were demonstrably false, yet Brookhaven persisted with threats and allegations of wrongdoing." Id. He alleges that in furtherance of the above described policy and practice, and notwithstanding Bahnsen's production of evidence of his innocence, the Town continued to "threaten [him] with civil and criminal charges for fabricated conduct and [to] interrogate him as though he was a criminal." Id. at ¶ 18. In support of an allegation of constructive discharge, Plaintiff states that in October 2016, after months of the threats described above, he felt his only option was to resign from his employment. Id. at ¶ 19.

In support of the policy referred to above, i.e., disparate treatment of those over forty years of age, Plaintiff "names names," describing particular factual situations that he claims evidence the Town's discriminatory policy. First, the Amended Complaint refers to Robert Wallace, a Town employee who is approximately thirty years old who was "determined to have been altering his GPS and stealing time, but was simply demoted." Wallace is stated to have neither resigned nor have been brought up on charges. Am. Compl. ¶ 21(1). Next, Plaintiff's Amended Complaint compares the situations of Town employees Glenn Wolfinger (an individual in his 60's) and John McHugh (an individual in his early 30's or early 40's). Both are

6

alleged to have engaged in the same conduct, but Wolfinger was "forced to resign" while McHugh received only a two week suspension. Id. ¶ 21(2). The Amended Complaint then refers to a twenty-five year old employee (William McFall) who is alleged to have been "caught working a side business while on the clock", but suffered only suspension and was not, like Plaintiff "forced to resign or brought up on charges." Id. ¶ 21(3). Two other Town employees, Malia Levy and Dupert Flores – both alleged to be in their 30's, are alleged to have "engaged in fraud or falsification of timesheets," yet neither was "brought up on charges or forced to resign." Id. ¶ 21(4). Finally, Plaintiff names Frank DiNatale, an employee over the age of forty, who, despite a satisfactory work history, was "forced to resign based on allegations that he was sleeping while on duty." Id. ¶ 22. Meanwhile, Bahnsen alleges to be aware of "many younger employees who have committed a "similar infraction but continued to work" for the Town. Id. Plaintiff's final factual allegation in support of his claim of a policy of disparate treatment alleges that "another individual" whose name Plaintiff cannot recall, "who had twenty-five years of service for Defendant and was over forty years old was forced to resign for committing an alleged infraction while a younger colleague was accused of the same exact offense but was not forced to resign". Id. ¶ 23.

  C. <u>Claims in the Amended Complaint</u>

  Plaintiff relies on the factual allegations above to support claims that he was subjected to unlawful discrimination in violation of the ADEA, up to and including his constructive termination. Am. Compl. ¶¶ 24; 39-41. The same conduct is alleged in support of his claim pursuant to Section 1983. Id. ¶¶ 42-44.

7

  D. <u>Defendant's Motion</u>

  Defendant seeks dismissal of both the ADEA and Section 1983 causes of action. First, the Town argues that Plaintiff fails to plead facts sufficient to support any claim of discrimination (whether under the ADEA or Section 1983) because he has not pleaded facts to show either an adverse employment action or constructive discharge. Defendant further argues that no claim of discrimination is pleaded because Plaintiff's age discrimination allegations are too conclusory to state a claim. The Town further argues that no Section 1983 claim may be pursued because the ADEA provides the exclusive remedy for claims of age discrimination. To the extent that any such claim might be viable, it is argued that Plaintiff must allege a Fourteenth Amendment claim under the Equal Protection Clause of the Constitution. Defendants further point out that where, as here, the Defendant is a municipality, Plaintiff must allege facts sufficient to support a claim of liability under <u>Monell v. Dep't of Soc. Svcs.</u>, 436 U.S. 658 (1978), and Plaintiff's present pleading is argued as insufficient to state any such plausible claim.

DISCUSSION

I. <u>Legal Standards</u>

  A. <u>Documents Considered</u>

  While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002); <u>see</u>

8

International Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

Here, Plaintiff relies only on the allegations in the complaint and neither party appends any extraneous material to their motions. Accordingly, this Court considers only the pleadings, construed as set forth above, to decide the merits of the motion.[1]

B.	Standards Applicable on Motions to Dismiss

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading factual content sufficient to allow a court to reasonably infer the defendant's liability. Twombly, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 555).

In addition to the Iqbal standards, a court deciding a motion to dismiss a claim of employment discrimination must also consider the prima facie elements of plaintiff's case in the

---

[1] Defendant's Reply Memorandum of Law refers to a misstatement of fact in the Amended Complaint. Specifically, Defendant notes that while Plaintiff refers to a particular Town employee as approximately thirty years old, discovery would reveal that the person named is, in fact, in his fifties. DE 28 at 5, n.5. While this might ultimately prove to be true (and will certainly undercut Plaintiff's credibility) the Court will not, in the context of this motion to dismiss, engage in the fact-finding necessary to go beyond the factual allegations of the Amended Complaint.

context of the standards and burdens set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Terry v. Ashcroft, 336 F.3d 128, 137 (2d. Cir. 2003); Linell v. New York City Bd. of Educ., 2018 WL 1611370, *5 (E.D.N.Y. March 30, 2018); Mattera v. JP Morgan Chase Corp., 740 F. Supp. 2d 561, 570-71 (S.D.N.Y. 2010). Just as the McDonnell Douglas "temporary presumption" reduces the facts a plaintiff must show to defeat a motion for summary judgment, that same presumption "also reduces the facts needed to be pleaded under Iqbal." Littlejohn, 795 F.3d at 310; see Jones v. Target Corp., 2016 WL 50779, at *2 (E.D.N.Y. 2016). Thus, at the pleading stage, plaintiff is required only to allege facts to afford "plausible support" for the "reduced requirements" of the prima facie case. Jones, 2016 WL 50779, at *2; see Dawson, 2015 WL 5438790, at *1–2; see also Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84 (2d Cir. 2015) ("a plaintiff is not required to plead a prima facie case under McDonnell Douglas . . ." and "need only give plausible support to a minimal inference of discriminatory motivation.").

To be clear, the elements of the prima facie case are considered in the context of a motion to dismiss, not to determine whether plaintiff states a prima facie claim, but because they "provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible." Friel v. County of Nassau, 947 F. Supp. 2d 239, 251 (E.D.N.Y. 2013) (quoting Sommersett v. City of New York, 2011 WL 2565301, at *5 (S.D.N.Y. 2011)).

With these standards in mind, the Court turns to assess the viability of each of Plaintiff's claims.

II.     Whether the ADEA is Plaintiff's Exclusive Age Discrimination Remedy

The Court will address the purely legal argument raised first, i.e., whether the Section 1983 claim must be dismissed because the ADEA provides an exclusive remedy for age discrimination. Defendant recognizes that this issue has not been decided by the Second Circuit,

but urges this Court to join "the vast majority of Circuit Courts that have considered the question [and] have clearly ruled in favor of preclusion." Reply Br. at 10, DE 28; see Piccone v. Town of Webster, 511 Fed. Appx. 63, 64 n.1 (2d Cir. 2013). Plaintiff, on the other hand, argues that courts in this circuit "routinely" hold that Section 1983 claims are not precluded by the ADEA.

A review of relevant precedent reveals that the Second Circuit has not adopted the per se bar that Defendant argues exists with respect to his claim under Section 1983. Instead, it is generally held that a Plaintiff alleging employment discrimination based upon age may also allege a Section 1983 claim of age discrimination. See Nicosia v. Town of Hempstead, 2017 WL 9485669 *10 (E.D.N.Y. June 14, 2017); Anand v. N.Y. State Dep't of Taxation and Finance, 2013 WL 3874425, *11 (E.D.N.Y. July 25, 2013); Thomas v. City of New York, 938 F. Supp.2d 334, 349 (E.D.N.Y, 2013); Shapiro v. New York City Dep't. of Educ., 561 F. Supp.2d 413, 419-20 (S.D.N.Y. 2008). Any such claim must, however, be based upon an alleged separate and distinct violation of the Constitution, such as a violation of the Equal Protection clause. Nicosia, 2017 WL 9485669 *10 (E.D.N.Y. June 14, 2017; Lener v. Hempstead Public Schools, 55 F. Supp.3d 267, 281 (E.D.N.Y. 2014). To prevail on such a claim Plaintiff must show that he was treated differently from members not in the alleged protected class. Moreover, in any such case, Plaintiff faces the considerable hurdle of proving that the defendant's actions lacked a rational basis. Nicosia v. Town of Hempstead, 2017 WL 9485669 *10 (E.D.N.Y. June 14, 2017 (noting that age is not a suspect class).

Having determined that Plaintiff's Section 1983 claim is not barred as a matter of law, the Court turns to address the sufficiency of Plaintiff's current pleading.

11

IV.      The ADEA Claim

As noted, the elements of a prima facie case are relevant to determining whether plaintiff alleges facts to afford "plausible support" at this stage of the litigation. See Jones, 2016 WL 50779, at *2. A prima facie case of ADEA discrimination requires a plaintiff to show (1) that he was within the protected age group, (2) that he was qualified for the job, (3) that he suffered an adverse employment action, and (4) that the adverse action occurred under circumstances giving rise to an inference of age discrimination. Terry, 336 F.3d at 137; Spence v. Maryland Cas. Co., 995 F. 2d. 1147, 1155 (2d Cir. 1993). To raise an inference of discrimination, an ADEA plaintiff must show that he was treated less favorably than a similarly situated employee outside of the protected group. Cincotta v. Hempstead, 2018 WL 2198761, *14 (E.D.N.Y. May 14, 2018). For a claim of age discrimination under the ADEA to survive a motion to dismiss the pleading at issue must plausibly allege adverse action and that age was the "but for" cause for the employment decision. Delaney v. Bank of Am. Corp., 766 F.3d 163, 168 (2d Cir. 2014); Ingrassia v. Health & Hosp. Corp., 130 F. Supp.3d 709, 720 (E.D.N.Y. 2015). The "but for" causation standard "is not equivalent to a requirement that age was the employers only consideration," but, instead that the adverse employment "would not have occurred without it." Delaney, 766 F.3d at 169 (citations omitted).

Defendant here seeks dismissal on the ground that Plaintiff fails to plausibly plead both an adverse employment action and an inference of discrimination.

Turning first to the issue of adverse action, the Court notes that where, as here, a plaintiff voluntarily resigns from his position, no adverse action is stated unless plaintiff can show that he was constructively discharged from his position. Such discharge occurs when, "from an objective perspective, 'the employer deliberately makes an employee's working conditions so intolerable

12

that the employee is forced into an involuntary resignation." Linnell, 2018 WL 1611370, 10 (E.D.N.Y. March 30, 2018) (quoting Morris v. Schroder Capital Mgmt. Int'l, 481 F.3d 86, 88 (2d Cir. 2007)). The burden of showing constructive discharge is high. See Fincher v. Depository Trust and Clearing Corp., 604 F.3d 712, 725 (2d Cir. 2010) (noting that standard for constructive discharge is higher than standard for establishing hostile work environment). Thus, an employee who resigns cannot rely merely on the fact that that he disagreed with his employer's criticisms of his work, failed to receive an anticipated raise, or was subject to "wording conditions that were difficult or unpleasant." Id. The factual question presented is whether "a rational trier of fact" could find that the employment conditions "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." Id. (citations omitted); see Ingrassia, 130 F. Supp. 3d at 724 (where a "reasonable person subjected to the same conditions as the plaintiff would have felt compelled to step down," constructive discharge claim not subject to dismissal).

Plaintiff here alleges constructive discharge when he states that the conditions of his employment left him with no other option than resignation. Am. Compl. ¶ 19. In factual support of his claim, Plaintiff refers to months of threats of the commencement of criminal proceedings and to be interrogated "as though he was a criminal". Id. at ¶ 18. While Plaintiff's pleading is thin, the Court cannot, at the motion to dismiss stage, determine the factual veracity of his claim of extreme conduct, or whether that conduct will be ultimately found to rise to the level required to support Plaintiff's claim. The Court therefore holds that the pleading is sufficient to survive the pleading stage of this litigation, and declines to recommend dismissal of the amended complaint for failure to properly plead an adverse employment action.

13

Next, the Town argues that Plaintiff fails to plead facts showing an inference of discrimination. The Second Circuit has made clear that "at the initial stage of a litigation, the plaintiff's burden is 'minimal'—he need only plausibly allege facts that provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.' " Vega, 801 F.3d at 87 (quoting Littlejohn, 795 F.3d at 311). "A plaintiff can meet that burden through direct evidence of intent to discriminate ... or by indirectly showing circumstances giving rise to an inference of discrimination." Vega, 801 F.3d at 87 (internal citations omitted). In making a determination as to plausibility, the court "must be mindful of the 'elusive' nature of intentional discrimination" and that "rarely is there 'direct, smoking gun, evidence of discrimination.' " Id. (internal quotation marks and citations omitted); see also Conforti v. Sunbelt Rentals, Inc., 201 F. Supp. 3d 278, 294 (E.D.N.Y. 2016).

Plaintiff supports his claim of age discrimination by pleading the Town's practice of treating employees differently on account of their age. As described above, Plaintiff points to several instances of such disparate treatment. According to Plaintiff, employees over forty, who engaged in identical behavior as their younger counterparts, were treated unfairly solely on the basis of age. He claims that he, too, was a victim of such unfair and unlawful treatment. As with his claim of constructive discharge, discovery will determine the veracity of Plaintiff's allegations. Indeed, having been hired at the age of 47, Plaintiff may have a particularly difficult time proving age discrimination. However, Plaintiff's pleading is not subject to dismissal for failure to state a claim.

Plaintiff's claims may well fail at the summary judgment stage when discovery is complete, as many of the cases relied upon by Defendant demonstrate. E.g., Spence v. Maryland Cas. Co., 995 F.2d 1147 (2d Cir. 1993); Stetson v. NYNEX Serv. Co., 995 F.2d 355 (2d Cir.

1993); Katz v. Beth Israel Med. Center, 2001 WL 11064, *10 (S.D.N.Y. January 4, 2001). For now, however, the Court declines to recommend dismissal on the ground that Plaintiff fails to plausibly plead an ADEA claim of discrimination.

For the foregoing reasons the Court recommends that the motion to dismiss the ADEA claim on the grounds of failure to plead adverse action or an inference of discrimination be denied.

V.    Section 1983 Claim

As noted, a Plaintiff claiming age discrimination in violation of Section 1983 must properly allege violation of a separate Constitutional right, such as a violation of the Equal Protection clause. Additionally, where, as here, the Defendant is a municipality, Plaintiff must also allege an unconstitutional policy to support a claim under Monell. Plaintiff's pleading is sufficient to allege both aspects of his claim.

First, Plaintiff alleges an Equal Protection violation when he claims that he was treated differently from similarly situated employees. See Lener, 55 F. Supp.3d at 281-82. Again, while this claim may not survive after discovery, it is plausibly pled to survive a motion to dismiss. Similarly, Plaintiff plausibly pleads a claim under Monell. Ultimately, to sustain such a claim, Plaintiff will be required to establish the existence of a municipal policy or custom. To that end, he must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, (2) actions taken or decisions made by officials with decision making authority, which caused the alleged violation of the plaintiff's rights, (3) a practice "so persistent and widespread as to practically have the force of law," or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials", (internal quotation marks and citations omitted); or (4) that a policymaking official acted with "deliberate indifference to

15

constitutional deprivations caused by subordinates." Hankins v. Nassau County Jail, 2018 WL 2725419, *3 (E.D.N.Y. June 6, 2018) (citations omitted).

Plaintiff here pleads with some specificity the existence of an unconstitutional policy to treat older employees differently from their younger counterparts. In particular, Plaintiff's pleading mentions several instances of (according to him) disparate treatment of similarly situated individuals who committed the same infractions but were treated differently based solely upon their ages. As noted supra, Plaintiff refers to Robert Wallace, a Town employee who is approximately thirty years old who was "determined to have been altering his GPS and stealing time, but was simply demoted." Wallace is stated to have neither resigned nor have been brought up on charges. Am. Compl. ¶ 21(1). Next, Plaintiff's Amended Complaint compares the situations of Town employees Glenn Wolfinger (an individual in his 60's) and John McHugh (an individual in his early 30's or early 40's). Both are alleged to have engaged in the same conduct, but Wolfinger was "forced to resign" while McHugh received only a two week suspension. Id. ¶ 21(2). The Amended Complaint then refers to a twenty-five year old employee (William McFall) who is alleged to have been "caught working a side business while on the clock", but suffered only suspension and was not, like Plaintiff "forced to resign or brought up on charges." Id. ¶ 21(3). Two other Town employees, Malia Levy and Dupert Flores – both alleged to be in their 30's, are alleged to have "engaged in fraud or falsification of timesheets," yet neither was "brought up on charges or forced to resign." Id. ¶ 21(4). Finally, Plaintiff names Frank DiNatale, an employee over the age of forty, who, despite a satisfactory work history, was "forced to resign based on allegations that he was sleeping while on duty." Id. ¶ 22. Meanwhile, Bahnsen alleges to be aware of "many younger employees who have committed a "similar infraction but continued to work" for the Town. Id. Plaintiff's final factual allegation in support

16

of his claim of a policy of disparate treatment alleges that "another individual" whose name Plaintiff cannot recall, "who had twenty-five years of service for Defendant and was over forty years old was forced to resign for committing an alleged infraction while a younger colleague was accused of the same exact offense but was not forced to resign". Id. ¶ 23. He states that such treatment took place pursuant to the Town's unconstitutional policy. Whether or not this pleading is supported by the outcome of discovery remains to be seen. The current iteration of the pleading is, however, sufficient to withstand a motion to dismiss.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Plaintiff's FLSA claim be dismissed without prejudice to amend and that Defendant's motion to dismiss be otherwise denied.

## OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

Dated: Central Islip, New York
   July 31, 2018

                    /s/ Anne Y. Shields
                    Anne Y. Shields
                    United States Magistrate Judge