UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
WILLIAM BAHNSEN,

                Plaintiff,

    - against -

THE TOWN OF BROOKHAVEN,

                Defendant.
------------------------------------x

17-cv-04545 (SJF) (AYS)

**DEFENDANT TOWN OF BROOKHAVEN'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

171593.1

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

      POINT I        PLAINTIFF DID NOT PLEAD A PLAUSIBLE CLAIM FOR CONSTRUCTIVE DISCHARGE OR OTHERWISE SUFFER ANY ADVERSE EMPLOYMENT ACTION RELATING TO THE END OF HIS EMPLOYMENT ............................................................................. 2

CONCLUSION ............................................................................................................................... 9

171593.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bourdeau v. Hous. Works, Inc.*,
  2004 U.S. Dist. LEXIS 10760 (S.D.N.Y. 2004) .................................................................... 1

*Boylan v. Arruda*,
  42 F. Supp. 2d 352 (S.D.N.Y. 1999) ................................................................................... 7

*Bulloch v. Pascagoula*,
  574 So. 2d 637 (Sup. Ct. Miss. 1990) ................................................................................. 8

*Cacy v. City of Chickasha*,
  1997 U.S. App. LEXIS 23039 (10th Cir. 1997) .............................................................. 6, 7

*Collazzo v. County of Suffolk*,
  163 F. Supp. 3d 27 (E.D.N.Y. 2016) ............................................................................ 3, 5, 6

*Corr v. Springdale Borough*,
  221 F. Supp. 3d 660 (W.D. Pa. 2016) ................................................................................ 7

*Haberer v. Woodbury County*,
  560 N.W.2d 571 (Sup. Ct. Iowa 1997) ............................................................................... 7

*Hargray v. City of Hallandale*,
  57 F.3d 1560 (11th Cir. 1995) ......................................................................................... 2, 6

*Jones v. McCormick & Schmick's Seaford Rest., Inc.*,
  2014 U.S. Dist. LEXIS 58460 (D.N.J. 2014) ..................................................................... 3

*Katz v. Beth Israel Med. Ctr.*,
  2001 WL 11064 (S.D.N.Y. 2001) ....................................................................................... 4

*Lillis v. Borough of Cresskill*,
  2014 N.J. Super. Unpub. ..................................................................................................... 7

*Morris v. City of Springfield*,
  2015 U.S. Dist. LEXIS 75009 (D. Or. 2015) ...................................................................... 7

*Muller v. U.S. Steel Corp.*,
  509 F.2d 923 (10th Cir. 1975) *cert. denied*, 423 U.S. 825 (1975) ..................................... 4

*Murray v. Town of North Hempstead*,
  853 F. Supp. 2d 247 (E.D.N.Y. 2012) ................................................................................ 4

*Nocera v. N.Y.C. Fire Comm'r*,
  921 F. Supp. 192 (S.D.N.Y. 1996) ............................................................................... 2, 6, 8

171593.1

*Phillips v. General Dynamics Corp.*,
  811 F. Supp. 788 (N.D.N.Y. 1993) .................................................................................. 4

*Rodriguez v. Graham-Windham Servs. to Families & Children*,
  2001 WL 46985 (S.D.N.Y. 2001) ..................................................................................... 4

*Spence v. Maryland Cas. Co.*,
  995 F.2d 1147 (2d Cir. 1993) ............................................................................................ 3

*Stetson v. NYNEX Service Co.*,
  995 F.2d 355 (2d Cir. 1993) .............................................................................................. 3

*Weisbecker v. Sayville Union Free Sch. Dist.*,
  890 F. Supp. 2d 215 (E.D.N.Y. 2012) ............................................................................... 3


**Statutes**

42 U.S.C. § 1983 ......................................................................................................................... 2

Age Discrimination in Employment Act ..................................................................................... 2


**Other Authorities**

Federal Rules of Civil Procedure Rule 72(b) .............................................................................. 1

Local Rule 72.1 ........................................................................................................................... 1

171593.1

## PRELIMINARY STATEMENT

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Local Rule 72.1, Defendant Town of Brookhaven ("Town") hereby objects to the Report and Recommendation ("Report") issued by Magistrate Judge Anne Y. Shields on July 31, 2018 (ECF Document No. 29). The Report found that Plaintiff recommends that this Court deny the Town's pre-answer motion to dismiss the Amended Complaint filed by Plaintiff William Bahnsen ("Plaintiff") to the extent the Town's motion sought dismissal of Plaintiff's age discrimination claims. Among other things, the Report held that the allegations in the Amended Complaint were sufficient to plead a plausible claim for constructive discharge. The Town submits that the Magistrate Judge erred in so holding, because case law demonstrates that, as a matter of law, Plaintiff did not plead a plausible claim for constructive discharge.

This Court should decline to adopt the Report to the extent the Magistrate Judge held the allegations in the Amended Complaint were sufficient to plead a plausible claim for constructive discharge. Instead, this Court should sustain the Town's objections and grant the Town's motion to dismiss Plaintiff's age discrimination claims relating to the end of his employment. Plaintiff failed to plausibly plead that he was constructively discharged by the Town and thus failed to plead that he suffered any adverse employment action because of his age with regard to the end of his employment.

## STANDARD OF REVIEW

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, a magistrate judge's decision on a dispositive motion, such as a motion to dismiss, is subject to *de novo* review. A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion to which objections have been made "may accept, reject or modify, in whole or in part, the findings and recommendations of the magistrate judge." *Bourdeau v. Hous. Works, Inc.*, 2004 U.S.

1

Dist. LEXIS 10760, *5 (S.D.N.Y. 2004).

The motion addressed in the Report was a dispositive motion—*i.e.*, a pre-answer motion to dismiss the Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure—and the Town objects to the Report for the reasons set forth below. Thus, this Court's review of the Report is *de novo*.

## ARGUMENT

**POINT I     PLAINTIFF DID NOT PLEAD A PLAUSIBLE CLAIM FOR CONSTRUCTIVE DISCHARGE OR OTHERWISE SUFFER ANY ADVERSE EMPLOYMENT ACTION RELATING TO THE END OF HIS EMPLOYMENT**

Plaintiff attempts to assert claims of age discrimination under the Age Discrimination in Employment Act ("ADEA") and 42 U.S.C. § 1983 ("Section 1983") claiming that his employment was unlawfully "constructively terminated" in October 2016 because of his age. However, Plaintiff's claim necessarily fails and must be dismissed.

Despite Plaintiff's claim that his employment was "terminated" for discriminatory reasons, in fact no termination actually occurred. As expressly alleged in the Amended Complaint, Plaintiff chose to "*resign* from his employment." (Amended Complaint ¶ 19 (emphasis added)). He thus did not suffer any adverse employment action with regard to the end of his employment for which he can now bring a claim.

It is well settled that resignation is ordinarily a voluntary act. Even when resignations have been tendered under threat of possible termination, courts have consistently found such resignations to be voluntary on the part of the resigning employee. *See, e.g., Nocera v. N.Y.C. Fire Comm'r*, 921 F. Supp. 192, 202 (S.D.N.Y. 1996) (holding "resignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges" because "the fact remains that plaintiff had a choice"); *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995) ("employee resignations are presumed to be voluntary"); *Levitz*, 6 A.D.2d at 1027 ("the

fact that the plaintiff was threatened with discharge" if he did not resign "does not constitute such duress as to render the resignation involuntary"). Inasmuch as Plaintiff here admittedly *resigned* his employment, he has failed to allege that he suffered an adverse employment action for which the Town can be liable. *Weisbecker v. Sayville Union Free Sch. Dist.*, 890 F. Supp. 2d 215, 219-220 (E.D.N.Y. 2012) (holding no "rational juror could find an adverse employment action" where rather than face possible termination "plaintiff instead chose to resign"); *Jones v. McCormick & Schmick's Seaford Rest., Inc.*, 2014 U.S. Dist. LEXIS 58460 (D.N.J. 2014) ("[A]n employee who voluntarily resigns cannot show that he or she has suffered an adverse employment decision at the hands of the employer.").

Moreover, despite Plaintiff's attempt to characterize his resignation as a "constructive termination" (Amended Complaint ¶ 19), the allegations in the Amended Complaint—consisting only of Plaintiff's claim that he was unfairly demoted from the Senior Building Inspector position in August 2016, "interrogate[d]" by the Town about his suspected misconduct "as though he were a criminal" and threatened with termination and "criminal charges for fabricated conduct" (Amended Complaint ¶¶ 15-19)—fall far short of pleading a plausible claim for constructive discharge. *See, e.g.*, *Spence v. Maryland Cas. Co.*, 995 F.2d 1147, 1149-1154 (2d Cir. 1993) (affirming dismissal of constructive discharge claim based on plaintiff being threatened with termination, placed on probation, written-up and criticized for poor performance, denied salary increase, ridiculed and roughly treated by supervisor, blamed for not knowing about employer policy that he was never informed of, and comments that supervisor wished plaintiff to become ill because such things were not sufficient for constructive discharge); *Stetson v. NYNEX Service Co.*, 995 F.2d 355, 360 (2d Cir. 1993) (employee's dissatisfaction with work assignments and disagreement with criticism of work quality "falls far short" of a constructive discharge claim); *Collazzo v. County of Suffolk*, 163 F. Supp. 3d 27 (E.D.N.Y. 2016) (dismissing constructive discharge claim; "The constructive discharge

standard is "demanding" and it will not be satisfied based on difficult or unpleasant working conditions or the plaintiff's preference to no longer work for her employer."); *Murray v. Town of North Hempstead*, 853 F. Supp. 2d 247, 270 (E.D.N.Y. 2012) ("many cases support the finding that threats of termination cannot lead to a constructive discharge, even when combined with more egregious conduct"); *Katz v. Beth Israel Med. Ctr.*, 2001 WL 11064, *12 (S.D.N.Y. 2001) (dismissing constructive discharge claim where plaintiff was threatened with termination, told to retire and unfairly disciplined); *Rodriguez v. Graham-Windham Servs. to Families & Children*, 2001 WL 46985, *6 (S.D.N.Y. 2001) (finding no constructive discharge when employer demoted employee instead of terminating her); *Phillips v. General Dynamics Corp.*, 811 F. Supp. 788, 794 (N.D.N.Y. 1993) (unfavorable job assignments, failure to promote, and "[l]ower pay resulting from gender discrimination" held to be "insufficient to constitute a constructive discharge claim"); *Muller v. U.S. Steel Corp.*, 509 F.2d 923, 929 (10th Cir. 1975) *cert. denied*, 423 U.S. 825 (1975) (holding discriminatory failure to promote and demotion did not make workplace so intolerable as to support a constructive discharge claim).

Despite the considerable authority cited by the Town in support of its motion, none of which was contested by the Plaintiff in opposition, and recognizing the paucity of allegations in the Amended Complaint by expressly characterizing the pleading as "thin," the Magistrate Judge nonetheless held that the constructive discharge allegations in the Amended Complaint were sufficient to plead a plausible claim. (Report at p. 13). As stated in the Report:

> Plaintiff here alleges constructive discharge when he states that the conditions of his employment left him with no other option than resignation. Am. Compl. ¶ 19. In factual support of his claim, Plaintiff refers to months of threats of the commencement of criminal proceedings and to be interrogated "as though he was a criminal". <u>Id.</u> at ¶ 18. While Plaintiff's pleading is thin, the Court cannot, at the motion to dismiss stage, determine the factual veracity of his claim of extreme conduct, or whether that conduct will be ultimately found to rise to the level required to support Plaintiff's claim. The Court therefore holds that the pleading is sufficient to survive the pleading

> stage of this litigation, and declines to recommend dismissal of the amended complaint for failure to properly plead an adverse employment action.

(Report at p. 13). With deference to the Magistrate Judge, the Town submits that this holding was incorrect and contrary to case law demonstrating that, as a matter of law, Plaintiff did not plead a plausible claim for constructive discharge.

Numerous courts have rejected the very rational relied on by the Magistrate Judge. As evident in the above-quoted passage from the Report, it was the alleged interrogation of Plaintiff "as though he was a criminal" and the alleged threats of criminal prosecution that, although "thin," the Magistrate Judge nonetheless held as sufficient to plead a plausible constructive discharge. But in doing so, the Magistrate Judge either overlooked or did not consider the case law that specifically holds *threats of criminal prosecution do not undermine the voluntary nature of an employee's resignation*, and are thus not a basis upon which to assert a claim for constructive discharge.

For example, in *Collazo v. County of Suffolk*, 163 F. Supp. 3d 27 (E.D.N.Y. 2016), Judge Seybert of this Court dismissed a plaintiff's constructive discharge claim despite the plaintiff's reliance on her employer threatening her with criminal prosecution for fraud if she did not resign as the basis for the alleged constructive discharge. As Judge Seybert held, the plaintiff there did not suffer an adverse action and therefore was not constructively discharged because the threat of criminal prosecution was not enough:

> [Plaintiff] alleges that she 'did not voluntarily resign, as she was threatened that if she did not resign, that [disciplinary charges that charged plaintiff with fraudulently obtaining and receiving benefits from the Suffolk County Department of Social Services] would be forwarded to the District Attorney's office for criminal prosecution.
>
> \*\*\*
>
> While the Court acknowledges the seriousness of the alleged threat of criminal prosecution, Plaintiff has not proffered evidence that she was faced with the choice of resignation or termination. Thus, it cannot be said that Plaintiff's termination was "inevitable."

*Id.* at 39, 47.

In *Nocera v. N.Y.C. Fire Commissioner*, 921 F. Supp. 192 (S.D.N.Y. 1996), Judge Koeltl of the Southern District similarly recognized that "resignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges" because "the fact remains that plaintiff had a choice. [Plaintiff] could stand pat and fight." *Id.* at 202 (alteration in original). In doing so, Judge Koeltl quoted *Hargray v. City of Hallandale*, 57 F.3d 1560 (11th Cir. 1995), a case where the Eleventh Circuit reversed the district court and specifically held that the plaintiff's resignation was voluntary even though the plaintiff was "given a choice between resigning or facing possible criminal charges" for theft and was pressured to make his choice that same day without first consulting an attorney. *Id.* at 1563, 1569. As the Eleventh Circuit in *Hargray* held in reaching its holding:

> Hargray's argument is reduced to the following: that he was forced to make an unpleasant decision in a short period of time, while he felt intimidated, without the advice of an attorney. Unfortunately for Hargray, the mere fact that he was forced to choose between two inherently unpleasant alternatives does not in itself mean that his resignation was submitted under duress …
>
> ***
>
> It is true that Hargray was forced to make the decision to resign while under time pressure and that he did so without the advice of counsel. While these facts might seem sufficient to support the conclusion that Hargray's resignation was involuntary, the cases finding a resignation to be involuntary based on coercion or duress involve circumstances much more coercive than those in the instant case.

*Id.* at 1569-1570.

The Tenth Circuit's decision in *Cacy v. City of Chickasha*, 1997 U.S. App. LEXIS 23039 (10th Cir. 1997) is also on point. There the court held that the plaintiff had voluntarily resigned his employment and therefore was not constructively discharged as a matter of law, even though his "alternatives were resignation or possible criminal prosecution and [disciplinary] hearings that

6

could in fact result in his termination and damage to his reputation." *Id.* at \*26-27.

Similar holdings have been issued by numerous other courts. *See, e.g., Corr v. Springdale Borough*, 221 F. Supp. 3d 660, 665 (W.D. Pa. 2016) (rejecting police officer plaintiff's argument that his resignation was involuntary because it was tendered under threat of criminal charges, and holding "[p]laintiff's resignation was voluntary as a matter of law" where the alternative to resignation was facing the filing of criminal charges that plaintiff "had no concerns about … because he knew that there could not be any substance to them"); *Morris v. City of Springfield*, 2015 U.S. Dist. LEXIS 75009, n. 10 (D. Or. 2015) (stating the threat of criminal prosecution, standing alone, would not constitute a constructive discharge); *Lillis v. Borough of Cresskill*, 2014 N.J. Super. Unpub. LEXIS 2137, \*54-57 (Super. Ct. N.J. Bergen Cnty. 2014) (dismissing constructive discharge claim where police chief "[p]laintiff resigned to avoid criminal prosecution" as part of a deferred prosecution agreement even though plaintiff alleged there was no basis for criminal charges to be brought because "plaintiff made an informed decision to eliminate that threat [of criminal prosecution] through resignation from his position").

In fact, courts have dismissed constructive discharge claims despite allegations that the plaintiff was actually subjected to, not just threatened with, criminal investigation and/or prosecution, while Plaintiff here only alleges the mere threat. *See, e.g., Boylan v. Arruda*, 42 F. Supp. 2d 352, 357 (S.D.N.Y. 1999) (holding employer's referral of plaintiff to the district attorney with a request that he be investigated, and subsequent criminal investigation of plaintiff, did not constitute a constructive discharge because "simply undergoing an investigation is not sufficient to constitute 'adverse employment action,' even though the … investigation in this case was criminal rather than civil in nature and was conducted by an outside agency rather than internally"); *Haberer v. Woodbury County*, 560 N.W.2d 571, 576-577 (Sup. Ct. Iowa 1997) (affirming dismissal of constructive discharge claim based on sheriff employer's criminal investigation and criminal

prosecution of deputy sheriff plaintiff because "[n]o reasonable person in [plaintiff's] position would have felt compelled to [resign]"); *Bulloch v. Pascagoula*, 574 So. 2d 637, 641 (Sup. Ct. Miss. 1990) (dismissing constructive discharge claim where plaintiff resigned "when he became aware that he was the object of a[] [criminal] investigation" stating, "[a]ny embarrassment or humiliation that [plaintiff] might have felt by being the object of a criminal investigation affords him nothing on a constructive discharge/forced resignation claim.").

Neither the *Collazo* nor *Nocera* cases discussed above are distinguished or even mentioned anywhere in the Report (*see generally* Report). As both of these cases were cited by the Town as demonstrative authority that the threats of criminal prosecution alleged by Plaintiff do not undermine the voluntary nature of Plaintiff's resignation and thus insufficient to constitute a constructive discharge (*see* Town Mem. at 5; Town Reply Mem. at 1),[1] and are contrary to the rationale set forth in the Report, it appears that this authority was overlooked. The Report also did not cite any other authority contrary to that discussed above, or cite any authority in direct support of the holding that Plaintiff's constructive discharge claim was sufficiently pled.

The Town submits that when the above authority is considered, the Report's holding as to constructive discharge cannot stand. Because the Amended Complaint failed to plausibly plead that Plaintiff was constructively discharged by the Town, and thus failed to plead that he suffered any adverse employment action with regard to the end of his employment, Plaintiff's claims that his employment was unlawfully "constructively terminated" because of his age must be dismissed.

---

[1] The Town's initial Memorandum of Law (ECF Document No. 14) and its Reply Memorandum of Law (ECF Document No. 28) filed in support of its motion to dismiss are cited herein as "Town Mem." and "Town Reply Mem." respectively.

171593.1

## **CONCLUSION**

For all of the foregoing reasons, and those reasons fully briefed by the Town in connection with its motion to dismiss, this Court should decline to adopt the Report to the extent the Magistrate Judge held the Amended Complaint pled a constructive discharge claim. This Court should further grant the Town's motion to dismiss and dismiss Plaintiff's age discrimination claims relating to the end of his employment.

Dated: Garden City, New York
August 10, 2018

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By: _____
Jessica C. Moller (JS0981)
Ernest R. Stolzer (ES2242)
*Attorneys for the Town of Brookhaven*
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6300; fax (516) 267-6301
JMoller@bsk.com / EStolzer@bsk.com

9

171593.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2018 the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules on Electronic Service upon the following parties and participants:

Thomas Ricotta, Esq.
RICOTTA & MARKS, P.C.
37-10 37th Avenue, Suite 401
Long Island City, New York 11101

 

Jessica C. Moller (JS0981)
Ernest R. Stolzer (ES2242)
BOND, SCHOENECK & KING, PLLC
*Attorneys for the Town of Brookhaven*
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6300; fax (516) 267-6301
JMoller@bsk.com / EStolzer@bsk.com