FILED
CLERK

4:38 pm, Sep 17, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WILLIAM BAHNSEN,

                      Plaintiff,

         -against-

TOWN OF BROOKHAVEN,

                      Defendant.
------------------------------------------------------------------------X

**ORDER**
17-CV-4545 (SJF)(AYS)

FEUERSTEIN, District Judge:

      Pending before the Court are the objections of the Town of Brookhaven ("defendant" or "the Town") to so much of the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated July 31, 2018 ("the Report"), as recommends denying the branch of its motion seeking dismissal of the constructive discharge claims asserted by plaintiff William Bahnsen ("plaintiff") against it in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Magistrate Judge Shields's Report is accepted in its entirety.

I.      Standard of Review

      Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, to accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need

1

only be satisfied that there is no clear error apparent on the face of the record.  *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).


II.     Defendant's Objections

Defendant contends, *inter alia*, that Magistrate Judge Shields erred in holding that the allegations in the amended complaint were sufficient to plead a plausible claim for constructive discharge because plaintiff resigned from his employment and "the allegations in the Amended Complaint—consisting only of Plaintiff's claim that he was unfairly demoted from the Senior Building Inspector position in August 2016, 'interrogate[d]' by the Town about his suspected misconduct 'as though he were a criminal' and threatened with termination and 'criminal charges for fabricated conduct'-- fall far short of pleading a plausible claim for constructive discharge." (Def. Obj. at 3) (brackets in original) (quoting Amended Complaint ["Am. Compl."] ¶¶ 15-19).

Upon *de novo* review of the Report and all motion papers, and consideration of defendant's objections to the Report, defendant's objections are overruled and the Report is accepted in its entirety.  The cases defendant contends that Magistrate Judge Shields "overlooked

or did not consider," (Def. Obj. at 5), are distinguishable.[1]  For example, the case *Collazo v. County of Suffolk*, 163 F. Supp. 3d 27 (E.D.N.Y. 2016), involved a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, not a motion to dismiss on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The court in that case found, *inter alia*, that the plaintiff "failed to present evidence from which a trier of fact could find that she was constructively discharged," *id.* at 47; and that "the absence of a threat of termination or *repeated threats* that the Misconduct Charges would be forwarded to the District Attorney weigh[ed] against a constructive discharge." *Id.* (emphasis added).  Unlike *Collazo*, plaintiff is not required to proffer any evidence in support of his constructive discharge claim at the pleadings stage; and the factual allegations in his amended complaint, including that he was faced with repeated threats of criminal prosecution and interrogation for months, (*see* Am. Compl., ¶¶ 18-19), which are assumed to be true for purposes of this motion, are sufficient at this juncture to state a plausible constructive discharge claim.

The case *Nocera v. New York City Fire Comm'r*, 921 F. Supp. 192 (S.D.N.Y. 1996), similarly involved a motion for summary judgment as opposed to a motion to dismiss on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Likewise, the case *Boylan v. Arruda*, 42 F. Supp. 2d 352 (S.D.N.Y. 1999), involved a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure that the court converted to a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure in order to consider "matters outside the four corners of the pleading." *Id.* at

---

[1] Since the cases from outside this Circuit are not binding upon this Court, they are not specifically addressed herein.

3

354-55. Indeed, the court in *Boylan* expressly distinguished the standards applicable to motions to dismiss on the pleadings from those applicable to motions for summary judgment in determining what constitutes an adverse employment action. *Id.* at 355. Accordingly, defendant's objections are overruled; so much of the Report as recommends denying the branch of defendant's motion seeking dismissal of plaintiff's constructive discharge claims in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is accepted; and, for the reasons set forth in the Report, that branch of defendant's motion is denied in its entirety.

III.     Remainder of Report

Neither party objects to so much of the Report, *inter alia*, as recommends that plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), be dismissed without prejudice and with leave to amend. There being no clear error on the face of the Report with respect to any of Magistrate Judge Shields's findings, conclusions and recommendations to which no specific objections have been made, the Court accepts those findings, conclusions and recommendations in their entirety. *See, e.g. United States Underwriters Ins. Co. v. ITG Dev. Grp., LLC*, 294 F. Supp. 3d 18, 23 (E.D.N.Y. 2018) ("The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record."); *Mayes v. Summit Ent'mt Corp.*, 287 F. Supp. 3d 200, 203 (E.D.N.Y. 2018) ("In reviewing an R & R from a magistrate judge regarding a dispositive motion, the district court may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." (quotations and citation

4

omitted)). Accordingly, the remainder of the Report is accepted in its entirety and, for the reasons set forth therein, plaintiff's FLSA claims are dismissed in their entirety without prejudice, *provided* that plaintiff file an amended complaint re-pleading those claims **by no later than October 9, 2018**, or the FLSA claims will be deemed dismissed in their entirety with prejudice; and defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is otherwise denied.

IV. Conclusion

For the reasons set forth above, defendant's objections are overruled; the Report is accepted in its entirety; and, for the reasons set forth therein, plaintiff's FLSA claims are dismissed in their entirety without prejudice, *provided* that plaintiff filed an amended complaint re-pleading those claims **by no later than October 9, 2018**, or the FLSA claims will be deemed dismissed in their entirety with prejudice, and defendant's motion to dismiss plaintiff's claims against it in the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is otherwise denied.

SO ORDERED.

                                                              _____/s/_____
                                                              Sandra J. Feuerstein
                                                              United States District Judge

Dated: September 17, 2018
       Central Islip, New York